STEVEN F. GRUEL (CSBN 213148)
655 Montgomery Street, Suite 1700
San Francisco, California 94122
Telephone Number (415) 989-1253

Attorney for SHOPPERS CORNER, INC.

E-FILING




UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SHOPPERS CORNER, INC., a California Corporation ,

Plaintiff,

vs.

HUSSMANN CORPORATION, a Missouri Corporation

Defendant.

Case No. C07 06437 RS

**COMPLAINT FOR BREACH OF CONTRACT; BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; BREACH OF EXPRESS WARRANTY; UNJUST ENRICHMENT; MONEY HAD AND RECEIVED; VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ.;NEGLIGENT MISREPRESENTATION; SUPPRESSION OF FACTS**

**DEMAND FOR JURY TRIAL**

Plaintiff Shoppers Corner alleges as follows:

## I. INTRODUCTION

1. Plaintiff Shoppers Corner, Inc. (hereinafter referred to as "Shoppers Corner") contracted in writing with defendant Hussmann Corporation (hereinafter referred to as "Hussmann") to purchase a high-end, state-of-the-art refrigeration system with deep shelving for its business. Hussmann agreed to furnish the equipment and materials and to install the

refrigeration system. Hussmann also gave written express warranties for parts and labor for the refrigeration system and its installation.

2. Unbeknownst to Shoppers Corner, Hussmann provided a refrigeration system that was discontinued by Hussmann during the installation at Shoppers Corner, and which had shallow shelves that were inadequate for plaintiff's expressed business needs. Hussmann also improperly installed the refrigeration system, causing catastrophic malfunctions of the system necessitating near-constant repair and servicing by Shoppers Corner. Hussmann's numerous and ongoing attempts to service and repair the refrigeration system failed, and Hussmann has refused to replace the system or to refund Shoppers Corner the purchase price. As a result of Hussmann's acts and omissions, Shoppers Corner has been compelled to commit enormous financial resources to service and repair a chronically malfunctioning, irreparable refrigeration system, greatly disrupting its business operations and finances. By this Complaint, Shoppers Corner seeks to recover the losses and damages it has suffered due to Hussmann's acts, omissions, and misrepresentations relating to the purchase, installation and unsuccessful efforts to correct the aforementioned refrigeration system.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. This Court has personal jurisdiction over Defendant Hussmann which has purposefully engaged in business activities in California and availed itself of the benefit of conducting commercially related activities in California.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and (c) because defendant Hussmann maintains offices and transacts business within this judicial district, and all or a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

## III. INTRADISTRICT ASSIGNMENT

6. Venue in the San Jose Division is appropriate under the local rules of this Court as a substantial part or all of the events or omissions which give rise to the claims herein occurred in the County of Santa Cruz.

## IV. PARTIES

7. Plaintiff Shopper's Corner, Inc., located in Santa Cruz, California, is and was at all relevant times mentioned herein a corporation organized and existing under the laws of the State of California and is and was at all times mentioned herein qualified to do business in California.

8. Defendant Hussmann Corporation is and at all relevant times mentioned herein was a corporation organized and existing under the laws of the State of Missouri, and is and was at all times mentioned herein qualified to do business in California.

## V. STATEMENT OF FACTS

9. On or about October 7, 1998, plaintiff Shopper's Corner received a quotation summary and contract from Mr. Greg Ranieri, a Hussmann sales representative, for the purchase and installation of a state-of-the-art refrigeration system with deep shelves at the Shoppers Corner store located at 622 Soquel Avenue, Santa Cruz, California.

10. On or about December 1, 1998, Shopper's Corner and Hussmann entered into a contract (hereinafter referred to as the "Contract") in California under which Hussmann agreed to furnish and install high-end refrigeration equipment in Shopper's Corner, a family-run market, for a total contract price of $365,123.69.

11. In the Contract, Hussmann promised in writing to repair or replace any defective equipment and/or materials manufactured by Hussmann and furnished to the job of installing the refrigeration system. The Contract also provided a warranty on all labor related to the

installation of the refrigeration system, and included five-year warranties for motor compressors, new case coils, and new case insulation.

12. Prior to executing the Contract, Shopper's Corner informed Hussmann that it needed for its business, and intended to purchase from Hussmann, state-of-the-art refrigeration equipment, including refrigeration cases with deep shelves.

13. However, without informing Shopper's Corner, Hussmann delivered and installed economy, low-end refrigeration cases with shallow shelves. Plaintiff is informed and believes, and thereon alleges that Hussmann ceased manufacturing the case models it installed at Shoppers Corner in or about 1999 or 2000, and thus the new Hussmann refrigeration units installed at Shoppers Corner were obsolete by the time Hussmann completed the installation.

14. On or about January 5, 2000, Hussmann completed the installation of the refrigeration system. Shoppers Corner paid Hussmann approximately $365,123.69 for equipment and labor for the installation of the refrigeration system.

15. The Hussmann installation at Shoppers Corner was marred by several irregularities. Hussmann personnel failed to generate a job punch list for Shopper's Corner, and did not complete and provide a start-up sheet so Shoppers Corner could operate the system effectively and gauge system performance. Nor did Hussmann provide mechanical and electrical drawings to Shopper's Corner upon completion of the installation. Also, Hussmann installed incorrectly-sized refrigeration piping with improper running lengths for the system.

16. Severe problems with the refrigeration system manifested themselves immediately upon completion of the installation. Shoppers Corner notified Hussmann immediately of the defective equipment and/or materials manufactured and installed by Hussmann. Shopper's Corner also notified Hussmann immediately of the defective installation of the refrigeration system, and the resulting malfunctions.

17. During the subsequent years since installation and at least up to and including approximately November 9, 2006, Hussmann personnel serviced the refrigeration system,

attempted to repair the chronic malfunctions plaguing the system and explored, proposed and discussed remedial actions to address its faulty and improper installation and product. All of Hussman's continued efforts to repair, service, correct, suggest and provide remedial action were unsuccessful, thus resulting in extensive costs and damages to Shoppers Corner.

18. In or about February 2002, Shoppers Corner entered into a service maintenance contract with another refrigeration servicing company to service and repair the new Hussmann refrigeration system that Hussmann personnel had been unable properly to repair or maintain after its installation.

19. From approximately February 2002 and at least up to and including approximately November 9, 2006, Shopper's Corner continued to confront a raft of chronic problems with the Hussmann provided and installed system needing immediate and constant attention. These problems severely disrupted Shopper's Corner's business operations, and caused considerable financial stress to Shoppers Corner and its owners. Most if not all of the problems with the refrigeration system during this period were previously known to Hussmann service personnel, and had not been repaired properly.

20. Shopper's Corner reported these ongoing problems with the refrigeration system to Hussmann, which refused repeated requests to provide additional assistance to Shoppers Corner.

21. In or about August 2003, Shopper's Corner contacted Hussmann's corporate headquarters directly to report the catastrophic failure of a fan in one of the Hussmann refrigeration racks, and again to report the numerous malfunctions plaguing the refrigeration Hussmann-installed system. Hussmann informed Shoppers Corner that Hussmann was aware of design flaws with this model of fan, and was taking steps to resolve the problem.

22. On or about September 10, 2003, responding to Shoppers Corner's repeated complaints and service calls, two local Hussmann representatives visited Shopper's Corner to inspect the refrigeration system.

23. On or about October 28, 2003, a local Hussmann service manager and a Hussmann representative from its corporate headquarters in Missouri inspected the refrigeration system at Shopper's Corner.

24. On or about February 25, 2004, after the aforementioned visits by Hussmann personnel to Shoppers Corner, and repeated written and verbal communications with Shoppers Corner, Hussmann agreed to repair the failed condenser fan blade and to undertake significant repairs to the Hussmann refrigeration system it installed at Shoppers Corner.

25. From approximately February 2004 until on or about January 25, 2005, Hussmann service personnel worked at Shopper's Corner to repair the refrigeration system. Repeated setbacks and delays occurred. Because the refrigeration system was no longer in production by Hussmann, the proper parts were difficult to procure, and the wrong parts repeatedly were ordered by Hussmann, causing significant further delays. The ongoing, protracted work caused further significant disruption to the Shoppers Corner business operations, causing great financial and psychological distress to its owners.

26. The refrigeration system's chronic malfunctions continued after Hussmann's servicing and repairs in January 2005. Between January 29, 2005 and May 20, 2005, for example, Shopper's Corner was compelled to incur approximately $15,456.65 in expenses to repair the system, including replacing three failed compressors and repairing renewed water leakage in the ice cream case.

27. Hussmann installation of the improperly sized and run refrigeration lines caused five compressors to fail. The refrigeration piping must be replaced for the system to perform properly. Defective condenser fan blades have experienced catastrophic failure, paralyzing the system and posing extreme physical hazards to Shoppers Corner employees, contractors, and patrons. Flooring damaged by interior temperature control malfunctions has been replaced twice and must be replaced again. The meat case and freezers are damaged and must be replaced. The mother circuit board must be relocated.

28. Since installation, Shoppers Corner has incurred substantial expenses to repair, replace, or service (1) the Hussmann evaporator for the grocery walk-in freezer, (2) the Hussmann evaporator for the milk walk-in, (3) the Hussmann 30-foot beer and milk case line, (4) the Hussmann 48-foot produce case line, (5) the Hussmann refrigeration compressor rack "A", and (6) the Hussmann Refrigeration compressor rack "B". In addition, Plaintiff has been compelled to expend and continues to spend enormous financial resources to remedy system failures and malfunctions attributable to Hussmann's faulty installation of the system, including replacement of several failed compressors.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

29. Shoppers Corner re-alleges and incorporates by reference the allegations stated at paragraphs 1 through 28.

30. Shoppers Corner and Hussmann entered into the written Contract by which Hussmann agreed to provide and install a state-of –the-art, high-end, functioning refrigeration system with deep shelves, and Shoppers Corner agreed to pay Hussmann the full price for the equipment and installation.

31. Shoppers Corner has performed all conditions, covenants and obligations required on its part to be performed in accordance with the terms and conditions of the Contract with Hussmann.

32. Hussmann breached its contract with Shoppers Corner by failing to provide and install a functioning state-of-the-art refrigeration system with deep shelves as agreed.

33. After installation of the system, Shoppers Corner immediately reported the malfunctions and problems with the refrigeration system to Hussmann.

34. Hussmann's breach of its contract with Shoppers Corner has damaged Shoppers Corner in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Breach of Covenant of Good Faith and Fair Dealing)**

35. Shoppers Corner re-alleges and incorporates by reference the allegations stated at paragraphs 1 through 28.

36. California law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of California.

37. Implied in the Contract is a covenant of good faith and fair dealing that requires Hussmann to refrain from taking any action that would serve to deprive Shoppers Corner of the benefits of the Contract.

38. Hussmann violated the implied covenant of good faith and fair dealing by providing Shopper's Corner with an obsolete, economy refrigeration system while representing to Shoppers Corner that it was purchasing a high-end and state-of-the-art system, and invoicing Shopper's Corner for a high-end system.

39. Hussmann further violated the implied covenant of good faith and fair dealing by failing properly to install the system, and then failing and refusing to repair the improperly-installed refrigeration system.

40. Plaintiff performed all the duties and condition of the employment agreement.

41. Hussmann knew that plaintiff had fulfilled all its duties and conditions under the contract.

42. By engaging in the above-described acts and practices, Hussmann has caused Shoppers Corner to suffer damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(Breach of Express Warranty, Comm. Code § 2313)**

43. Shoppers Corner re-alleges and incorporates by reference the allegations stated at paragraphs 1 through 28.

44. The written promise by Hussmann in the Contract that it would replace or repair any defective equipment and/or materials manufactured by Hussmann and furnished to the job of

installing the refrigeration system became part of the basis of the bargain between the parties and thus constituted an express warranty.

45. The written promise by Hussmann in the Contract providing a warranty on all labor related to the installation of the refrigeration system, and warranties for the motor compressors, new case coils, and new case insulation also became part of the basis of the bargain and thus constituted express warranties.

46. Hussmann breached the aforementioned express warranties by furnishing defective equipment and/or materials for the refrigeration system and in failing to replace the defective equipment and/or materials or reimbursing Shoppers Corner for the purchase price.

47. Hussmann also breached the aforementioned express warranties by improperly and negligently installing the refrigeration system so that the system chronically malfunctions, necessitating near-constant repairs, and then in failing to replace the malfunctioning system or reimbursing Shoppers Corner for the purchase price.

48. Hussmann also breached the aforementioned express warranties by providing Shoppers Corner with motor compressors, new case coils, and new case insulation that have failed within the warranty period, and in failing to replace these components or reimbursing Shoppers Corner for the purchase price.

49. Plaintiff informed Hussmann immediately upon discovery of the breaches of the aforementioned warranties.

50. As a proximate result of Hussmann's breaches of the aforementioned express warranties, plaintiff has been damaged in the amount of $365,123.69.

51. Plaintiff has been further damaged as a result of these breaches in that plaintiff has been forced to curtail and on occasion cease business operations during the repairs of the refrigeration system, and has been compelled to pay contractors and refrigeration experts to repair the system when Hussmann refused or failed to do so.

**FOURTH CAUSE OF ACTION**
**(Unjust Enrichment)**

52. Shoppers Corner re-alleges and incorporates by reference the allegations stated at paragraphs 1 through 28.

53. As a result of the payments made by Shoppers Corner to Hussmann, and Hussmann's failure to provide Shoppers Corner with a functioning high-end refrigeration system as agreed, Hussmann has received a benefit at Shoppers Corner's expense.

54. Hussmann has refused to return Shoppers Corner's money, and has refused to provide it with a functioning state-of-the-art refrigeration system with deep shelves as agreed in the Contract.

55. As a result of Hussmann's wrongful conduct alleged above, Hussmann has been unjustly enriched at the expense of Shoppers Corner.

56. As a result of Hussmann's conduct, Shoppers Corner has been damaged in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**(Money Had and Received)**

57. Shoppers Corner re-alleges and incorporates by reference the allegations stated at paragraphs 1 through 28.

58. On or about May 11, 1999, Hussmann became indebted to Shoppers Corner in the sum of $75,000.00 for money had and received from Shoppers Corner for the use and benefit of Shoppers Corner.

59. On or about June 18, 1999, Hussmann became indebted to Shoppers Corner in the sum of $100,000.00 for money had and received from Shoppers Corner for the use and benefit of Shoppers Corner.

60. On or about September 23, 1999, Hussmann became indebted to Shoppers Corner in the sum of $46,154.00 for money had and received from Shoppers Corner for the use and benefit of Shoppers Corner.

61. On or about October 29, 1999, Hussmann became indebted to Shoppers Corner in the sum of $3,300.00 for money had and received from Shoppers Corner for the use and benefit of Shoppers Corner.

62. On or about November 9, 1999, Hussmann became indebted to Shoppers Corner in the sum of $13,952.35 for money had and received from Shoppers Corner for the use and benefit of Shoppers Corner.

63. On or about July 20, 1999, Hussmann became indebted to Shoppers Corner in the sum of $20,892.00 for money had and received from Shoppers Corner for the use and benefit of Shoppers Corner.

64. On or about November 9, 1999, Hussmann became indebted to Shoppers Corner in the sum of $9,124.65 for money had and received from Shoppers Corner for the use and benefit of Shoppers Corner.

65. On or about April 5, 2000, Hussmann became indebted to Shoppers Corner in the sum of $14,451.75 for money had and received from Shoppers Corner for the use and benefit of Shoppers Corner.

66. On or about January 3, 2000, Hussmann became indebted to Shoppers Corner in the sum of $23,077.00 for money had and received from Shoppers Corner for the use and benefit of Shoppers Corner.

67. On or about July 11, 2000, Hussmann became indebted to Shoppers Corner in the sum of $23,388.48 for money had and received from Shoppers Corner for the use and benefit of Shoppers Corner.

68. Hussmann has failed to use the money had and received from Shoppers Corner described above by failing to provide and install for Shoppers Corner a functioning high-end, refrigeration system with deep shelves as agreed.

69. No payment has been made by Hussmann to Shoppers Corner of the money had and received from Shoppers Corner as described above, leaving a balance due of $365,123.69, plus interest at the prevailing rate.

**SIXTH CAUSE OF ACTION**
**(Violation of Business & Professions Code §§ 17200 et seq.)**

70. Shoppers Corner re-alleges and incorporates by reference the allegations stated at paragraphs 1 through 28.

71. Shoppers Corner reasonably believed that Hussmann would provide Shoppers Corner with a state-of-the art, functioning refrigeration system pursuant to the Contract, while at the same time Hussmann knew that it would not be able to do so.

72. Hussmann failed to disclose to Shoppers Corner that it was not providing Shoppers Corner with a refrigeration system meeting the specifications set forth in the Contract. Hussmann further did not inform Shopper's Corner of known problems with the installation.

73. Hussmann solicited and accepted payment from Shoppers Corner despite its knowledge and failure to disclose material information as described above.

74. Hussmann's acts described above constituted (1) an unlawful and/or unfair and/or fraudulent business act or practice; and/or (2) acts constituting an unfair and/or deceptive and/or untrue and/or misleading advertising.

**SEVENTH CAUSE OF ACTION**
**(Fraud and Deceit – Negligent Misrepresentation)**

75. Shoppers Corner re-alleges and incorporates by reference the allegations stated at paragraphs 1 through 28.

76. The plaintiff is informed and believes and thereon alleges that Mr. Greg Ranieri, the Hussmann sales representative who made the representations herein alleged, was at the time of the making of the representations herein alleged acting within the course and scope of his employment and authority for defendant Hussmann.

77. On or about October 7, 1998, defendant Hussmann, through Mr. Ranieri, the aforementioned sales representative, made the representation to Shopper's Corner that pursuant to the Contract for the purchase and installation of the refrigeration system Shopper's Corner was purchasing a state-of-the-art refrigeration system with deep shelves.

78. When Mr. Ranieri made these representations, he had no reasonable ground for believing them to be true in that Hussmann should have known at the time of making this representation that the refrigeration system ordered by Shoppers Corner would be discontinued in the year 1999 or 2000, and would therefore be rendered obsolete, and that the system purchased by Shopper's Corner had shallow shelves and was therefore inadequate for the expressed needs of Shoppers Corner.

79. Mr. Ranieri made these representations with the intention of inducing the plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the expectation that the plaintiff would so act.

80. Shoppers Corner, at the time these representations were made by Hussmann and at the time Shoppers Corner took the actions herein alleged, was ignorant of the falsity of the Hussmann's representations and believed them to be true. In reliance on these representations, Shoppers Corner was induced to and did enter into the Contract for purchase and installation of refrigeration system. Had Shoppers Corner known the actual facts, it would not have taken such action. Shoppers Corner was justified in relying on the representations of Mr. Ranieri, a sales representative for Hussmann, a refrigeration supplier and installer.

81. As a direct and proximate result of Hussmann's misrepresentations, Shoppers Corner was damaged according to proof at trial.

**EIGHTH CAUSE OF ACTION**
**(Fraud and Deceit – Suppression of Facts)**

82. Shoppers Corner re-alleges and incorporates by reference the allegations stated at paragraphs 1 through 28.

83. Following delivery and installation of the Hussmann refrigeration system, no Hussmann employee or agent informed Shoppers Corner that incorrectly sized refrigeration pipes with improper running lengths had been installed by Hussmann.

84. During the period from approximately January 2000 until approximately January 2002, when Hussmann personnel serviced and repaired the refrigeration system, Hussmann informed Shopper's Corner that the system's malfunctions could be repaired, but failed to reveal and suppressed the fact that the system had defects due to its installation that were severe and chronic and rendered the system irreparable, which fact was known to defendant Hussmann. The suppression of the fact of the piping and other defects in installation was likely to mislead the plaintiff and did in fact mislead the plaintiff in light of the representations made by defendant Hussmann that the system could be repaired.

85. The representations and failures to disclose information and suppression of information herein alleged to have been made by defendant's service personnel and staff were made with the intent to induce Shoppers Corner to act in the manner herein alleged in reliance thereon.

86. Plaintiff Shoppers Corner, at the time these failures to disclose and suppressions of facts occurred, and at the time Shoppers Corner took the actions herein alleged, was ignorant of the existence of the facts that the defendant Hussmann suppressed and failed to disclose. If Shoppers Corner had been aware of the existence of the facts not disclosed by Hussmann, Shoppers Corner would not have, as it did, enter into servicing contracts with Hussmann for the system and continue thereafter to expend financial resources attempting to repair the irreparable refrigeration system.

87. As a direct and proximate result of Hussmann's misrepresentations, Shoppers Corner was damaged in an amount according to proof at trial.

88. The fraudulent suppressions of fact made by Hussmann were deliberate, intentional, fraudulent, malicious and oppressive and should be punished by way of example in an amount to be determined by proof at trial.

**PRAYER**

WHEREFORE, plaintiff prays judgment against defendant, as follows:

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

1. For compensatory damages in the sum of $365,123.69;

2. For prejudgment and postjudgment interest on the sum of $365,123.69 at the prevailing rate;

3. For reasonable attorneys fees according to proof;

4. For costs of suit incurred; and

5. For such other and further relief as the Court may deem proper.

**SECOND CAUSE OF ACTION**
**(Breach of Covenant of Good Faith and Fair Dealing)**

1. For compensatory damages in the sum of $365,123.69;

2. For consequential and incidental damages according to proof;

3. For prejudgment and postjudgment interest on the sum of $365,123.69;

4. For reasonable attorneys fees according to proof;

5. For costs of suit incurred; and

6. For such other and further relief as the Court may deem proper.

**THIRD CAUSE OF ACTION**
**(Breach of Express Warranty, Comm. Code § 2313)**

1. For damages in the sum of $365,123.69;

2. For incidental and consequential damages according to proof;

3. For prejudgment and postjudgment interest;

4. For attorney's fees according to proof;

5. For costs of suit incurred; and

6. For such other and further relief as the court may deem proper.

**FOURTH CAUSE OF ACTION**
**(Restitution / Unjust Enrichment)**

1. For a declaration that Hussmann holds all monies paid to it by Shoppers Corner in constructive trust with Shoppers Corner as the sole beneficiary, unless and until Hussmann provides Shoppers Corner with a functioning refrigeration system that meets the Contract specifications;

2. For an injunction ordering Hussmann to either provide and install a functioning refrigeration system pursuant to the Contract or to return to Shoppers Corner all monies held by it in constructive trust for Shoppers Corner;

3. For consequential and incidental damages;

4. For prejudgment and postjudgment interest;

5. For such other and further relief as the Court deems appropriate, fair, equitable, and just.

**FIFTH CAUSE OF ACTION**
**(Money Had and Received)**

1. For the principal sum of $365,123.69;

2. For prejudgment and postjudgment interest;

3. For all costs and fees incurred to repair and attempt to repair the faulty Hussman refrigeration system;

4. For all costs, fees and damages incurred by Plaintiff as a result of the faulty Hussman refrigeration system;

5. For reasonable attorney's fees

6. For costs of suit incurred; and

7. For any further relief as the court may deem proper.

**SIXTH CAUSE OF ACTION**
**(Violation of Business & Professions Code §§ 17200 et seq.)**

1. For an order of restitution requiring Hussmann to return to Shoppers Corner all funds received by Hussmann for providing and installing the refrigeration system.

**SEVENTH CAUSE OF ACTION**
**(Fraud and Deceit – Negligent Misrepresentation)**

1. For compensatory damages in the sum of $365,123.69 and according to proof;

2. For general damages and special damages according to proof;

3. For reasonable attorney's fees and costs;

4. For costs of suit; and

5. For any further relief as the court deems just and proper.

**EIGHTH CAUSE OF ACTION**
**(Fraud and Deceit – Suppression of Facts)**

1. For compensatory damages in the sum of $365,123.69 and according to proof;

2. For general damages and special damages according to proof;

3. For exemplary damages;

3. For reasonable attorney's fees and costs;

4. For costs of suit; and

5. For any further relief as the court deems just and proper.

Dated: December 20, 2007 Respectfully Submitted,

STEVEN F. GRUEL
Attorney for SHOPPERS CORNER, INC.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues in its complaint.

Dated: December 20, 2007 Respectfully Submitted,

STEVEN F. GRUEL
Attorney for SHOPPERS CORNER, INC