Peter M. Hart, (State Bar No 107920)
Joseph A. Whitecavage, (State Bar No 154879)
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, California 94104-4705
Telephone: (415) 391-7111
Telefax: (415) 391-8766

Attorneys for Defendant
HUSSMANN CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHOPPERS CORNER, INC., a California Corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>HUSSMANN CORPORATION, a Missouri Corporation,<br><br>       Defendant. | Case No.: C07 06437 RS<br><br>NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES (FRCP 12(b)(6))<br><br>Date: May 28, 2008<br>Time: 9:30 a.m.<br>Courtroom: 4<br><br>Trial Date Not Set |

TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on Wednesday, May 28, 2008 at 9:30 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Richard Seeborg, in the above-entitled Court located at 280 South First Street, San Jose, California, defendant Hussmann Corporation will and hereby does move this court for an order pursuant to Federal Rules of Civil Procedure 12(b)(6) dismissing the Second, Sixth, Seventh, and Eighth causes of action of the Complaint filed by plaintiff Shoppers Corner, Inc. ("Plaintiff"). This Motion is made on the grounds that:

1

U.S.D.C Case No. Civ. C07 06437
Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
{P:\Wdox\Docs\clients\492566\0146\S0130870.1}

1. Plaintiff fails to state a cause of action for breach of the covenant of good faith and fair dealing by failing to allege facts showing that defendant took any action that served to deprive plaintiff of the benefits of a contract.

2. Plaintiff fails to state a cause of action for violation of California Business Professions Code sections 17200 et seq. by failing to state with reasonable particularity the facts supporting the statutory elements of the violation.

3. Plaintiff fails to state a cause of action for fraud and deceit – negligent misrepresentation by failing to allege facts showing that defendant should have known that representations allegedly made to plaintiff were false.

4. Plaintiff fails to state a cause of action for fraud and deceit – suppression of facts by failing to allege facts with sufficient particularity showing that defendant intentionally suppressed facts that induced plaintiff to enter into servicing contracts and expend financial resources attempting to repair the refrigeration system.

The defendant's Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the papers and records on file in this action, and any additional evidence, argument or other matters that the Court deems necessary or proper.

Dated: March 14, 2008                    WRIGHT, ROBINSON, OSTHIMER & TATUM


                                          /s/ Peter M. Hart
                                         PETER M. HART
                                         JOSEPH A. WHITECAVGE
                                         ATTORNEYS FOR DEFENDANT
                                         HUSSMANN CORPORATION

U.S.D.C Case No. Civ. C07 06437
Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
{P:\Wdox\Docs\clients\492566\0146\S0130870.1}

## MEMORANDUM OF POINTS AND AUTHORITIES

**INTRODUCTION**

Plaintiff has filed this lawsuit alleging eight causes of action against defendant, all arising out of plaintiff's purchase of refrigeration system in 1998. In essence, plaintiff is claiming that the refrigeration system he received was not what he contracted for. Included in the complaint are bald assertions that go beyond breach of contract, to claim that defendant breached the covenant of good faith and fair dealing, violated California Business and Professions Code section 17200 *et seq.*, and also committed fraud by negligent misrepresentation and suppression of facts. Plaintiff has failed to allege sufficient facts with sufficient particularity to support these claims, denoted by plaintiff as the second, sixth, seventh, and eighth causes of action, and they should therefore be dismissed, along with their corresponding prayers for relief.

**FACTUAL BACKGROUND**

Plaintiff's complaint alleges that in 1998, plaintiff contracted with defendant for the purchase and installation of a refrigeration system for plaintiff's store in Santa Cruz, California. Complaint, ¶¶9-10. Plaintiff alleges that it contracted for "high-end" refrigeration equipment, but instead received "low-end" refrigeration cases. Complaint, ¶¶10 and 13.

Plaintiff alleges that defendant completed installation of the refrigeration system on or about January 5, 2000. Complaint, ¶14. Plaintiff alleges that there were problems with the refrigeration equipment due to defective equipment and defective installation by defendant. Complaint, ¶¶15 and 16. Plaintiff alleges that defendant's attempts to repair the refrigeration system were unsuccessful. Complaint, ¶17.

Plaintiff alleges that in or about February 2002, plaintiff entered into service maintenance contract with "another refrigeration servicing company" to service and repair the system purchased from defendant. Complaint, ¶18.

Plaintiff alleges that at least up to and including approximately November 6, 2006, it has continued to confront problems with the refrigeration equipment. Complaint, ¶18.

/ / /

3

U.S.D.C Case No. Civ. C07 06437
Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
{P:\Wdox\Docs\clients\492566\0146\S0130870.1}

## ARGUMENT

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes a motion to dismiss on the ground of "failure to state a claim on which relief may be granted." FRCP 12(b)(6). On a 12(b)(6) motion, the Court tests the legal sufficiency of the claims stated, and must decide whether the facts alleged, if true, would entitle plaintiff to relief. Rutter Group, California Practice Guide, Federal Civil Procedure Before Trial (2007) Chapter 9, p. 9-52. For purposes of Rule 12(b)(6), "claim" means a set of facts that gives rise to an enforceable legal right. *Goldstein v. North Jersey Trust Co.* (S.D.N.Y. 1966) 39 F.R.D. 363, 366. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Department* (9th Cir. 1990) 901 F.2d 696, 699.

### SECOND CAUSE OF ACTION

**Breach of Covenant of Good Faith and Fair Dealing**

Under California law, there is implied into every contract a covenant that neither party do anything to deprive the other of the benefits of the contract. See, e.g., *Seaman's Direct Buying Service, Inc. v. Standard Oil Co.* (1984) 36 Cal.3d 752, 768. The covenant requires cooperation in carrying out the contract and honesty in settling disputes. *Kern v. Levolor Lorentzen, Inc.* (9th Cir. 1990) 899 F.2d 772, 777. A breach of the covenant of good faith and fair dealing involves unfair dealing rather than just mistaken judgment. *Adelman v. Associated Internat. Ins. Co.* (2001) 90 Cal.App.4th 352, 369. "'Thus, allegations which assert such a claim must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.'" *Id.* at 369-370, *quoting Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1395 (italics omitted).

///

4

U.S.D.C Case No. Civ. C07 06437
Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
{P:\Wdox\Docs\clients\492566\0146\S0130870.1}

Plaintiff's Second Cause of Action alleges that defendant breached the implied covenant of good faith and fair dealing by providing plaintiff with "an obsolete, economy refrigeration system" while representing that plaintiff was purchasing a "high-end and state-of-the-art system," and invoicing plaintiff for a "high-end system," and also by "failing properly to install the system, and then failing and refusing to repair the improperly installed refrigeration system." Complaint ¶¶38-39. Plaintiff does not allege facts showing defendant engaged in deliberate acts to frustrate the common purposes of the contract.

Plaintiff's opinion that it purchased a "high-end and state-of-the-art system" and yet received "an obsolete, economy refrigeration system" is not supported by any factual assertions in the complaint. Plaintiff provides specific facts showing that it received anything different from what it had contracted to receive.

Plaintiff's complaint admits that "[d]uring the subsequent years since installation and at least up to and including approximately November 9, 2006, Hussmann personnel serviced the refrigeration system, attempted to repair the chronic malfunctions plaguing the system and explored, proposed and discussed remedial actions to address its faulty and improper installation and product." Complaint, ¶17. This does not describe a party acting in bad faith, nor one engaging in conscious and deliberate acts which unfairly frustrate the agreed common purposes.

Plaintiff has failed to allege facts providing any basis for its claim that defendant breached the implied covenant of good faith and fair dealing and therefore plaintiff's second cause of action should be dismissed.

**SIXTH CAUSE OF ACTION**

**Business & Professions Code §§ 17200 *et seq.***

In its sixth cause of action, plaintiff asserts that defendant violated California Business & Professions Code §§ 17200, *et seq.*, also known as California's Unfair Competition Law. Plaintiff alleges that defendant failed to disclose information to plaintiff, and that the failure to do so "constituted (1) an unlawful and/or unfair and/or fraudulent business act or practice; and/or (2) acts constituting an unfair and/or deceptive and/or untrue and/or misleading advertising."

5

U.S.D.C Case No. Civ. C07 06437
Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
{P:\Wdox\Docs\clients\492566\0146\S0130870.1}

Complaint, ¶¶72-74. Plaintiff's shotgun approach to pleading makes it difficult to discern exactly how defendant is alleged to have violated the code section.

A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation. *Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619. A demurrer to a complaint may be properly sustained where the complaint "identifies no particular section of the statutory scheme which was violated and fails to describe with any reasonable particularity the facts supporting violation." *Id.*

Plaintiff makes no factual assertions concerning advertising that would support a claim for "unfair and/or deceptive and/or untrue and/or misleading advertising." Indeed, there are no allegations concerning advertising in the entire complaint.

Within the meaning of the Unfair Competition Law, an unlawful business practice or act is an actor practice committed pursuant to business activity, and is also forbidden by law. *See Bernardo v. Planned Parenthood Federation of America* (2004) 115 Cal.App.4th 322, 351, *review denied, cert. denied*, 543 U.S. 942. Plaintiff makes no assertions that defendant has violated any statue, or otherwise performed any "unlawful" business act or practice.

The test of whether a business practice is "unfair" looks at the practice's impact on the alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. An unfair business practice occurs when it offends an established public policy, or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. *See Searle v. Wyndham Internat., Inc.* (2002) 102 Cal.App.4th 1327, 1334. Plaintiff makes no such claims, and has not asserted facts that would support any such claims.

Under the Unfair Competition Law, a fraudulent business practice is one that is likely to deceive the public. *Klein v. Earth Elements, Inc.* (1997) 59 Cal.App.4th 965, 970. Plaintiff makes no factual assertions concerning deception by defendant, nor claims that the public is likely to be deceived by any business practices of defendant.

///

///

6

U.S.D.C Case No. Civ. C07 06437
Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
{P:\Wdox\Docs\clients\492566\0146\S0130870.1}

Plaintiff has failed to describe with any reasonable particularity facts supporting a violation of California's Unfair Competition Law under any of the prongs of that statutory scheme and therefore plaintiff's sixth cause of action should be dismissed.

**SEVENTH CAUSE OF ACTION**

**Fraud and Deceit – Negligent Misrepresentation**

In its seventh cause of action, plaintiff alleges that defendant negligently misrepresented to plaintiff when, on or about October 7, 1998, Mr. Ranieri, a sales representative for defendant, made the representation that the refrigeration system plaintiff was buying was "a state-of-the-art refrigeration system with deep shelves." Complaint, ¶77. Plaintiff goes on to allege that Mr. Ranieri had no ground for believing that the representation was true because defendant should have known on or about October 7, 1998, that the system ordered by plaintiff would be discontinued in "1999 or 2000, and would therefore be rendered obsolete," and that the system had shallow shelves. Complaint, ¶78.

Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance of the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages. *Fox v. Pollack* (1986) 181 Cal.App.3d 954, 962.

Plaintiff does not identify the individual to whom the alleged misrepresentation was made. Plaintiff also fails to allege facts asserting why the system ordered by plaintiff was not "state-of-the-art" at the time it was ordered. Regardless of whether or not the system was discontinued in 1999 or 2000, that by itself would not render the system "obsolete" or not "state-of-the-art" in October 1998. Plaintiff also fails to allege facts as to how or why defendant "should have known" that the system would be discontinued some one to two years in the future. Plaintiff can only make a bald assertion that a misrepresentation was made in October 1998.

Plaintiff alleges that it was told the system that had been ordered would have "deep shelves," but that the system it actually purchased had "shallow shelves." Complaint, ¶¶77-78.

7

U.S.D.C Case No. Civ. C07 06437
Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
{P:\Wdox\Docs\clients\492566\0146\S0130870.1}

Nowhere in the complaint does plaintiff ever explain or identify what he understood "deep shelves" to be, or how they differed from the system that was installed.

Plaintiff has not asserted facts that support a claim that there was any misrepresentation. Plaintiff has done nothing more than assert an opinion that it did not receive what it had thought it was getting and therefore plaintiff's seventh cause of action should be dismissed.

**EIGHTH CAUSE OF ACTION**

**Fraud and Deceit – Suppression of Facts**

In its eighth cause of action, plaintiff alleges that defendant committed fraud by intentionally not informing plaintiff that "incorrectly sized refrigeration pipes with improper running lengths had been installed by" defendant and that "the system had defects due to its installation that were severe and chronic and rendered the system irreparable" in order to induce plaintiff to "enter into servicing contracts with [defendant] and continue thereafter to expend financial resources attempting to repair the irreparable refrigeration system." Complaint, ¶¶83-88.

While state law may govern burden of proving fraud at trial, federal law governs the procedure and requirements for pleading fraud. *See Nordberg v. Trilegiant Corp.* (N.D. Cal. 2006) 445 F.Supp.2d 1082. The Federal Rules of Civil Procedure make clear that "[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FRCP 9(b).

If an alleged fraud is premised on an omission, as here, the plaintiff must specify the person responsible for the failure to speak, the context of the omission, and the manner in which the omission mislead plaintiff. *Solutia Inc. v. FMC Corp.* (S.D.N.Y. 2006) 456 F. Supp.2d 429. In order to meet the particularity requirements of the rules, the complaint must identify the particular information that should have been disclosed, the reason the information should have been disclosed, the person who should have disclosed it, and the approximate time or circumstances in which the information should have been disclosed. *S.E.C. v. Nacchio* (D.Colo.

8

U.S.D.C Case No. Civ. C07 06437
Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
{P:\Wdox\Docs\clients\492566\0146\S0130870.1}

2006) 4438 F. Supp.2d 1266.

Plaintiff does not identify any individuals that it claims should have informed it of the alleged defects. Plaintiff does not specify what alleged defects, other than the pipes, it should have been informed of. Plaintiff does not allege when defendant allegedly came to know that the alleged defects had rendered the system irreparable. Further, plaintiff does not identify when the "servicing contracts" were entered into, how much financial resources plaintiff expended on or as a result of those "servicing contracts," or when defendant knew of the alleged defects and failed to inform plaintiff of them.

Plaintiff has failed to meet the particularity requirements for stating a cause of action for fraud and therefore plaintiff's eighth cause of action should be dismissed.

**CONCLUSION**

For the reasons stated above, plaintiff has failed to state facts sufficient to support the claims made in the second, sixth, seventh and eighth causes of action of its complaint. Defendant respectfully requests that this Court dismiss those claims.

Dated: March 14, 2008                    WRIGHT, ROBINSON, OSTHIMER & TATUM


_/s/ Peter M. Hart_
PETER M. HART
JOSEPH A. WHITECAVAGE
Attorneys for Defendant
HUSSMANN CORPORATION

9

U.S.D.C Case No. Civ. C07 06437
Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
{P:\Wdox\Docs\clients\492566\0146\S0130870.1}