Peter M. Hart (State Bar No. 107920)
Joseph A. Whitecavage (State Bar No. 154879)
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, California 94104-4705
Telephone: (415) 391-7111
Telefax: (415) 391-8766

Attorneys for Defendant
HUSSMANN CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHOPPERS CORNER, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUSSMANN CORPORATION, a Missouri Corporation,<br><br>Defendant. | Case No.: C07 06437 RS<br><br>NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES (FRCP 12(f))<br><br>Date: May 28, 2008<br>Time: 9:30 a.m.<br>Courtroom: 4<br><br>Trial Date Not Set |

TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on Wednesday, May 28, 2008 at 9:30 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Richard Seeborg, in the above-entitled Court located at 280 South First Street, San Jose, California, defendant Hussmann Corporation will and hereby does move this Court for an Order pursuant to Federal Rules of Civil Procedure 12(f) striking certain portions of Plaintiff Shoppers Corner, Inc.'s Complaint concerning allegations of financial and psychological distress of non-parties, and multiple prayers for the award of attorney's fees. The particular portions of the Complaint to be struck are:

1

1. Page 6, ¶25, line 14: "causing great financial and psychological distress to its owners."
2. Page 15, line 11: "3. For reasonable attorney's fees according to proof;"
3. Page 15, line 20: "4. For reasonable attorney's fees according to proof;"
4. Page 16, line 2: "4. For attorney's fees according to proof;"
5. Page 17, line 1: "5. For reasonable attorney's fees"
6. Page 17, line 13: "3. For reasonable attorney's fees and costs;"
7. Page 17, line 22: "3. For reasonable attorney's fees and costs;"

This Motion is made pursuant to Federal Rules of Civil Procedure 12(f), on the grounds that Plaintiff's complaint contains matters that are redundant, immaterial and or impertinent.

This Motion to Strike is based on this notice and motion, the Memorandum of Points and Authorities submitted herewith, any reply brief, the court file, on such matters as the Court may take judicial notice, and such oral or documentary evidence as may be presented at the time of the hearing on this motion.

Dated: March 14, 2008                WRIGHT, ROBINSON, OSTHIMER & TATUM


___/s/ Peter M. Hart___
PETER M. HART
JOSEPH A. WHITECAVGE
ATTORNEYS FOR DEFENDANT
HUSSMANN CORPORATION

2

U.S.D.C Case No. Civ. C07 06437
NOTICE OF MOTION AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES (FRCP 12(f))

{S0130714.1}

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. THE COURT MAY STRIKE OUT ANY REDUNDANT, IMMATERIAL, IMPERTINENT OR SCANDALOUS MATTER INSERTED IN ANY PLEADING.

Federal Rule of Civil Procedure Rule 12(f) provides that upon motion by a party, or on the court's own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While motions to strike are typically disfavored, a motion is well-taken where "it is clear that the matter to be stricken could have no possible bearing on the subject of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.* (N.D.Ca.1992) 814, F.Supp. 820, 830. The purpose of a motion to strike is to clean up pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters. *NN&R, Inc. v. One Beacon Ins. Group* (D.N.J.2005) 362 F.Supp.2d 514, 525.

For purposes of a motion to strike, "immaterial matter" is that which has no essential or important relationship to the claim for relief, while "impertinent matter" consists of statements that do not pertain and are not necessary to the issues in question. *Cairns v. Franklin Mint Co.* (C.D.Cal.1998) 24 F.Supp.2d 1013, 1037. A "redundant matter" consists of allegations that constitute needless repetition of other allegations, or which are foreign to the issue. *Wilkerson v. Butler* (E.D.Ca.2005) 229 F.R.D.166, 170.

A prayer for relief not available under applicable law is properly subject to a motion to strike. *Johnson v. Metropolitan Sewer Dist.* (E.D.Mo.1996) 926 F. Supp.874, 875; *Rosales v. Citibank, Federal Sav. Bank* (N.D.Cal.2001) 133 F.Supp.2d 1177, 1180.

Prayer for attorney's fees may be stricken as immaterial absent allegation in the complaint of any circumstances that would allow recovery of attorney's fees. *Bass v. U.S.* (D.C.Colo.1974) 379 F.Supp. 1208, 1210.

## B. FACTUAL BACKGROUND.

Plaintiff Shoppers Corner, Inc. alleges that in 1998 it contracted with defendant Hussmann Corporation for the purchase and installation of a refrigeration system for plaintiff's

3

U.S.D.C Case No. Civ. C07 06437
NOTICE OF MOTION AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES (FRCP 12(f))

{S0130714.1}

store in Santa Cruz, California. Complaint, ¶¶9-10. Plaintiff alleges that it contracted for "high-end" refrigeration equipment, but instead received "low-end" refrigeration cases. Complaint, ¶¶10 and 13.

Plaintiff alleges that defendant completed installation of the refrigeration system on or about January 5, 2000. Complaint, ¶14. Plaintiff alleges that there were problems with the refrigeration equipment due to defective equipment and defective installation by defendant. Complaint, ¶¶15 and 16. Plaintiff alleges that defendant's attempts to repair the refrigeration system were unsuccessful. Complaint, ¶17.

Plaintiff alleges that in or about February 2002, plaintiff entered into a service maintenance contract with "another refrigeration servicing company" to service and repair the system purchased from defendant. Complaint, ¶18.

Plaintiff alleges that at least up to and including approximately November 6, 2006, it has continued to confront problems with the refrigeration equipment. Complaint, ¶18.

Plaintiff filed the instant action alleging eight causes of action: Breach of Contract; Breach of Covenant of Good Faith and Fair Dealing; Breach of Express Warranty (Cal. Comm. C. § 2313); Unjust Enrichment; Money Had and Received; Violation of California Business & Professions Code §§ 17200 *et seq.*; Negligent Misrepresentation; and Suppression of Facts.

### C. ALLEGATION CONCERNING THE "DISTRESS" OF NONPARTIES IS IMPERTINENT, REDUNDANT AND IMMATERIAL.

In its "Statement of Facts," plaintiff makes the gratuitous allegation that, back in 2004, work on the refrigeration system was "causing great financial and psychological distress to its owners." Complaint, ¶25. These unidentified "owners" are not parties to this action. Plaintiff is a corporation. Complaint, ¶7. There are no claims for financial or psychological distress. "Superfluous historical allegations are properly subject to a motion to strike." *Wilkerson, supra,* 229 F.R.D. at 170. The alleged stress on plaintiff's owners has no bearing on the issues of this action or plaintiff's claims for relief, is superfluous, and should therefore be stricken from the complaint. *See, e.g., Cairns, supra,* 24 F.Supp.2d at 1137.

///

4

U.S.D.C Case No. Civ. C07 06437
NOTICE OF MOTION AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES (FRCP 12(f))

{S0130714.1}

### D. THE COURT SHOULD STRIKE PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES.

In its complaint, plaintiff makes prayers for the award of attorney's fees in relation to six different causes of action: First Cause of Action – Breach of Contract; Second Cause of Action – Breach of Covenant of Good Faith and Fair Dealing; Third Cause of Action – Breach of Express Warranty (Cal. Comm. C. § 2313); Fifth Cause of Action – Money Had and Received; Seventh Cause of Action – Negligent Misrepresentation; and Eighth Cause of Action – Suppression of Facts. Plaintiff's requests for attorneys' fees are improper because none of the causes of action in the complaint will support an award of attorney's fees. *Bass v. U.S.* (D.C.Colo.1974) 379 F.Supp. 1208, 1210.

Awards of attorney's fees are determined by state law. *Berkla v. Corel Corp.* (9th Cir.2002) 302 F.3d 909, 919 n. 11. Under California law, the presumption is the "American rule," in which each side pays its own attorney's fee. *International Marble and Granite of Colo., Inc. v. Congress Financial Corp.* (C.D.Cal.2006) 465 F.Supp.2d 993, 1001. Under the "American" rule, each party is to bear its own attorney's fees in litigation, unless otherwise provided by contract or statute. *Walt Rankin & Associates, Inc. v. City of Murrietta* (2000) 84 Cal. App. 4th 605, 629. California Code of Civil Procedure section 1021 provides that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . ."

It is clear that in California, absent express authority in either statue or an agreement between the parties, the court may not award attorney's fees. In its complaint, plaintiff has not identified any contractual or statutory authority supporting an award of attorney's fees. The failure to allege circumstances that would allow for the award of attorney's fees is grounds to strike any prayer for attorney's fees *Bass, supra,* 379 F.Supp. at 1210. Therefore, the court should strike all of the prayers for attorney's fees from the Complaint.

///

///

///

///

U.S.D.C Case No. Civ. C07 06437
NOTICE OF MOTION AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES (FRCP 12(f))

{S0130714.1}

### E. CONCLUSION

Defendant Hussmann Corporation respectfully requests that the court grant their motion to strike portions of plaintiff's complaint without leave to amend.

Dated: March 14, 2008                WRIGHT, ROBINSON, OSTHIMER & TATUM


/s/ Peter M. Hart
PETER M. HART
JOSEPH A. WHITECAVGE
ATTORNEYS FOR DEFENDANT
HUSSMANN CORPORATION

6

U.S.D.C Case No. Civ. C07 06437
NOTICE OF MOTION AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES (FRCP 12(f))
{S0130714.1}