1   STEVEN F. GRUEL (CSBN 213148)
    655 Montgomery Street, Suite 1700
2   San Francisco, California 94111
    Telephone: (415) 989-1253
3   Facsimile: (415) 576-1442
    attystevengruel@sbcglobal.net
4

5   Attorney for SHOPPER'S CORNER, INC.

6

7                    IN THE UNITED STATES DISTRICT COURT

8               FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                           SAN JOSE DIVISION

10

11  SHOPPER'S CORNER, INC., a California      ) Case No.: C07 06437 RS
    Corporation,                              )
12                                            )
                                              )
13                    Plaintiff,              ) **PLAINTIFF SHOPPER'S CORNER,**
                                              ) **INC.'S OPPOSITION TO DEFENDANT**
14        v.                                  ) **HUSSMANN CORPORATION'S**
                                              ) **MOTION TO DISMISS FOR FAILURE**
15                                            ) **TO STATE CLAIMS UPON WHICH**
    HUSSMANN CORPORATION, a Missouri          ) **RELIEF CAN BE GRANTED;**
16  Corporation,                              ) **MEMORANDUM OF POINTS AND**
                      Defendant.              ) **AUTHORITIES**
17                                            )
                                              )
18                                            )
                                              ) Date: May 28, 2008
19                                            ) Time: 9:30 a.m.
                                              ) Courtroom: 4
20                                            )
                                              )
21                                            )
                                              ) Trial Date: None Set
22  _____  )

23

24

25

26

27

28

                                    0

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................1

STATEMENT OF FACTS...........................................................................1

ARGUMENT.............................................................................................2

   **A.**  **General Law Applicable to Motions to Dismiss Pursuant
to FRCP 12(b)(6)** ...........................................................................2

   **B.**  **Shopper's Corner Has Pleaded Sufficient Facts in Support
of All the Challenged Causes of Action** ...............................................3

     1.  Shopper's Corner Alleges Facts Sufficient to Support Its Claim
for Breach of the Covenant of Good Faith and Fair Dealing ...........................3

        a.  California law Regarding the Implied Covenant of Good Faith
and Fair Dealing ...........................................................................4

        b.  The Complaint's Sets Forth Sufficient Factual Allegations ..........................4

     2.  Shopper's Corner Alleges Facts with Sufficient Particularity to
Support its Allegation that Defendant Violated California Business
& Professions Code Sections 17200 *et seq.* ..................................................6

        a.  Applicable Law Regarding Business & Professions Code
§ 17200 *et seq.* ...........................................................................6

        b.  Legal Doctrine Regarding "Unfair" Business Practices under
the Unfair Competition Law .................................................................7

        c.  Legal Doctrine Regarding the Fraudulent Prong of the Unfair
Competition Law ...........................................................................8

        d.  Hussmann Pleads Sufficient Facts in Support of Its Allegations
That Defendant Violated Both the "Unfair" and the "Fraudulent"
Prongs of the Unfair Competition Law ......................................................9

     3.  Shoppers Corner has Adequately Pleaded Facts Sufficient to Support
Allegation of Fraud and Deceit .............................................................10

        a.  General Rules of Pleading Regarding Fraud and Misrepresentation
Claims ....................................................................................10

i

b. Shopper's Corner Has Alleged Facts Showing That Defendant
   Should Have Known Representations were False .................................13

c. Defendant's Request for Dismissal of Plaintiff's Claim for Fraud
   and Deceit – Suppression of Facts Should be Denied ..............................16

**CONCLUSION** ...............................................................................................20

U.S.D.C. Case No. Civ. C07 06437

Memorandum of Points and Authorities in Opposition to Motion to Dismiss

1

# TABLE OF AUTHORITIES

2

## CASES

3

*Albillo v. Intermodal Container Services, Inc.*
114 Cal.App.4th 190 (2003) ................................................................7

4

5

*Allied Grape Growers v. Bronco Wine Co.*
203 Cal.App.3d 432 (1988) ...............................................................7

6

7

*Arizona Cartridge Remanufacturers Ass'n., Inc. v. Lexmark Intern., Inc.*
290 F.Supp.2d 1034 (N.D. Cal. 2003) ...................................................7, 10

8

9

*Arroyo v. Wheat*
591 F.Supp. 136 (D. Nev. 1984) ..........................................................12

10

11

*Bell Atlantic Corp. v. Twombly*
27 S.Ct. 1735 (2007) .......................................................................2

12

13

*Belton v. Comcast Cable Holdings, LLC*
151 Cal.App.4th 1224 (2007) ...........................................................8, 10

14

15

*Bennett v. Schmidt*
153 F.3d 516 (7th Cir. 1998) .............................................................6

16

17

*Berryman v. Merit Property Management, Inc.*
152 Cal.App.4th 1544 (2007) .............................................................6

18

19

*Brownlee v. Vang*
235 Cal.App.2d 465 (1965) ..............................................................16

20

21

*Celador Int'l Ltd. v. Walt Disney Co.*
347 F. Supp.2d 846 (C.D. Cal. 2004) ..................................................4, 6

22

23

*Columbia Natural Resources, Inc. v. Tatum*
58 F.3d 1101 (6th Cir. 1995) .............................................................3

24

*Committee on Children's Television v. General Foods Corp.*
35 Cal.3d 197 (1983) ...................................................................8, 12

25

26

*Concha v. London*
62 F.3d 1493 (9th Cir. 1995) .......................................................11, 15, 19

27

28

*Conley v. Gibson*
355 U.S. 41 (1957) ....................................................................2, 3, 6

iii

*Continental Airlines, Inc. v. McDonnell Douglas Corp.*
216 Cal.App.3d 388 (1989) .................................................................13, 17

*De La Cruz v. Tormey*
582 F.2d 45 (9th Cir. 1978) .................................................................2

*Desaigoudar v. Meyercord*
223 F.3d 1020 (9th Cir. 2000) .............................................................11

*Eddy v. Sharp*
199 Cal.App.3d 858 (1988) .................................................................13

*EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA*
467 F.3d 466 (5th Cir. 2006) ...............................................................11

*Falk v. General Motors Corp.*
496 F.Supp.2d 1088 (N.D. Cal. 2007) .........................................8, 10, 18, 19

*Family Home & Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*
461 F.Supp.2d 1188 (C.D. Cal. 2006) .............................................6, 7

*Federal Sav. & Loan Ins. Corp. v. Texas Real Estate Counselors, Inc.*
955 F.2d 261 (5th Cir. 1992) ...............................................................10

*Films of Distinction, Inc. v. Allegro Film Productions, Inc.*
12 F.Supp.2d 1068 (C.D. Cal. 1998) .....................................................7

*Gilligan v. Jamco Develop. Corp.*
108 F.3d 246 (9th Cir. 1997) ...............................................................3

*Gottreich v. San Francisco Dev. Corp.*
552 F.2d 866 (9th Cir. 1977) ...............................................................12

*Hearn v. R.J. Reynolds Tobacco Co.*
279 F.Supp.2d 1096 (D. Ariz. 2003) ......................................................2

*Heighley v. J.C. Penney Life Ins. Co.*
257 F.Supp.2d 1241 (C.D. Cal. 2003) ....................................................8

*In Re GlenFed, Inc. Secur. Litig.*
42 F.3d 1541(9th Cir. 1994) .................................................................12

*Jimenez v. Superior Court*
29 Cal.4th 473 (2002) .......................................................................17

iv

*Johnson v. Hondo, Inc*
125 F.3d 408 (7th Cir. 1997) ..................................................................11

*Klein v. Earth Elements, Inc.*
59 Cal.App.4th 965 (1977) ......................................................................7

*Kransco v. American Empire Surplus Lines Ins. Co.*
23 Cal. 4th 390 (2000) ............................................................................4

*La Jolla Village Homeowners' Assn. v. Superior Court*
212 Cal.App.3d 1131 (1989) ..................................................................17

*Lesperance v. North Am. Aviation, Inc.*
217 Cal.App.2d 336 (1963) ....................................................................13

*Linear Technology Corp. v. Applied Materials, Inc.*
152 Cal.App.4th 115 (2007) ....................................................................7

*McCue v. Bruce Enters, Inc.*
228 Cal.App.2d 21 (1964) ......................................................................16

*Moore v. Kayport Package Express, Inc.*
885 F.2d 531 (9th Cir. 1989) ..................................................11, 14, 19

*Motors, Inc. v. Times Mirror Co.*
102 Cal.App.3d 735 (1980) ....................................................................7, 8

*National Rural Telecommunications Co-op. v. DIRECTV, Inc.*
319 F.Supp.2d 1059 (C.D. Cal. 2003) ....................................................8

*Neubronner v. Milken*
6 F.3d 666 (9th Cir. 1993) ......................................................................12

*Outboard Marine Corp. v. Superior Court*
52 Cal.App.3d 30 (1975) ........................................................................16

*Pasadena Live, LLC v. City of Pasadena*
114 Cal.App.4th 1089 (2004) ..................................................................4

*Peloza v. Capistrano Unified School Dist.*
37 F.3d 517 (9th Cir. 1994) ....................................................................2

v

*People v. Duz-Mor Diagnostic Laboratory, Inc.*
68 Cal.App.4th 654(1998) ....................................................................7

*Podolsky v. First Healthcare Corp.*
50 Cal.App.4th 632 (1996) ..................................................................7

*Sanderson v. Healthcare Co.*
447 F.3d 873 (6th Cir. 2006) ...........................................................11

*S.E.C. v. Cross Fin'l Services, Inc.*
908 F.Supp. 718 (C.D. Cal. 1995) ......................................................2

*S.E.C. v. Nacchio*
438 F.Supp. 2d 1266 (D.Colo. 2006) ........................................18, 19

*Semegen v. Weidner*
780 F.2d 727 (9th Cir. 1985) ................................................11, 15, 19

*Sheppard v. Morgan Keegan & Co.*
218 Cal.App.3d 61 (1990) ...................................................................4

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*
983 F.Supp. 1303 (N.D. Cal. 1997) ....................................................8

*State Farm & Casualty Co. v. Superior Court*
45 Cal.App.4th 1093 (1996) ...............................................................8

*Silva v. Bieluch*
351 F.3d 1045 (11th Cir. 2003) ..........................................................3

*United States v. Redwood City*
640 F.2d 963 (9th Cir. 1981) ..............................................................3

*Vess v. Ciba-Geigy Corp. USA*
317 F.3d 1097 (9th Cir. 2003) ..........................................................11

*Wang v. Massey Chevrolet*
97 Cal.App.4th 856 (2002) .................................................................7

*Warner Constr. Corp. v. Los Angeles*
2 Cal. 3d 285 (1970) .........................................................................17

*Wool v. Tandem Computers, Inc.*
818 F.2d 1433 (9th Cir. 1987) ..........................................................12

*Wyatt v. Terhune*
315 F.3d 1108 (9th Cir. 2003) ……………………………………………11

*Zatkin v. Primuth*
551 F. Supp. 39 (S.D. Cal. 1982) ……………………………………12

**STATUTES**

California Business & Professions Code § 17200 ……………………………..………6

California Civil Code § 1710 ……………………………………………13, 16

Federal Rule of Civil Procedure 1 …………………………………..………………3

Federal Rule of Civil Procedure 8(a)(2) …………………………..………6, 10

Federal Rule of Civil Procedure 8(e) …………………………..……………3, 11

Federal Rule of Civil Procedure 9(b) ………………………………………11, 12

Federal Rule of Civil Procedure 12(b)(6) …………………………..…………1, 2, 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

### INTRODUCTION

Plaintiff Shopper's Corner, Inc. (hereinafter, "Shopper's Corner") filed its complaint on December 21, 2007.  On March 14, 2008, Defendant Hussmann Corporation (hereinafter "Hussmann" or "Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(6), filed its motion to dismiss plaintiff's second, sixth, seventh, and eighth causes of action on the grounds that "[p]laintiff has failed to allege sufficient facts with sufficient particularity to support these claims."  Motion at 3:9-11.  For the reasons below, Shopper's Corner respectfully requests the Court to deny Defendant's motion in its entirety.  To the extent the Court grants Defendant's motion, Shopper's Corner respectfully requests the Court to grant Shopper's Corner leave to amend the complaint.

### STATEMENT OF FACTS

Shopper's Corner is a family-owned market located in Santa Cruz, California. Complaint at ¶10, 3:21.  Hussmann manufactures and installs commercial refrigeration systems.  On about December 1, 1998, after receiving a quotation from a Hussmann sales representative named Mr. Greg Ranieri, Shopper's Corner executed a contract pursuant to which Hussmann agreed to provide and install a state of the art refrigeration system with deep shelves for Shopper's Corner's store located at 622 Soquel Avenue, Santa Cruz, California.  Shopper's Corner agreed to pay Hussmann $365,123.69 for the purchase and installation of the refrigeration system. Complaint at ¶¶9-12, 3:9-4:5; ¶14, 4:11-13.

Without informing Shopper's Corner, Defendant installed an economy, low-end refrigeration system with shallow shelves that was discontinued by Hussmann prior to completion of the installation process.  Complaint at ¶13, 4:6-10.  Also, Hussmann installed incorrectly-sized refrigeration piping with improper running lengths for the system.  Complaint at ¶15, 4:18-19.  The refrigeration system manifested severe, chronic problems upon completion of the installation, necessitating substantial financial outlays by Shopper's Corner and significant disruption of its business operations.  Complaint at ¶17, 5:2-4; ¶19, 5:12.  Efforts to repair the system were hampered and delayed because parts were difficult to procure for the now-

1

discontinued Shopper's Corner system.  Complaint at ¶25, 6:10-12.  In or about August 2003, Hussmann belatedly informed Shopper's Corner that it was aware of design flaws with the model of fan in the Shopper's Corner system.  Complaint at ¶21, 5:19-23.

Shopper's Corner's refrigeration system remains plagued by chronic problems.  The improperly-sized and run refrigeration lines have caused five compressors to fail.  The refrigeration piping must be replaced for the system to perform properly.  Complaint at ¶ 27, 6:20-22.  Although Hussmann informed Shopper's Corner the system could be repaired, Complaint at ¶84, 14:4-6, ultimately Hussmann refused to provide further assistance repairing the malfunctioning system.  Complaint at ¶5, 5:16-18.  After numerous attempts over time to repair the system, the chronically malfunctioning refrigeration system is irreparable.  Complaint at ¶84, 14:4-11.

## ARGUMENT

### A.    General Law Applicable to Motions to Dismiss Pursuant to FRCP 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) states, in part, ". . . a party may assert the following defenses by motion . . . . (6) failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion tests the legal sufficiency of the claims in the complaint.  In ruling on a 12(b)(6) motion, the Court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy.  Unless the answer is unequivocally "no," the motion must be denied.  *See, e.g., Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) (abrogated on other grounds by *Bell Atlantic Corp. v. Twombly*, 27 S.Ct. 1735 (2007); *De La Cruz v. Tormey*,  582 F.2d 45, 48 (9th Cir. 1978); *S.E.C. v. Cross Fin'l Services, Inc.*, 908 F.Supp. 718, 726-27 (C.D. Cal. 1995) ("The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them").

The Court must construe the complaint in the light most favorable to the plaintiff, and the complaint must be construed on the assumption that all of its allegations are true, even if doubtful.  Any ambiguity must be resolved in plaintiff's favor.  *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096, 1102 (D. Ariz. 2003*); Peloza v. Capistrano Unified School Dist.*, 37

2

F.3d 517, 521 (9th Cir. 1994) (courts must assume all general allegations "embrace whatever specific facts might be necessary to support them"); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (when a complaint's allegations are capable of more than one inference, the court must adopt whichever inference supports a valid claim).

Federal pleading requirements are extremely liberal. The rules are designed to minimize disputes over pleading technicalities. *See* F.R.C.P. 1, 8(e) ("pleadings must be construed so as to do justice"); *Conley v. Gibson*, supra, 355 U.S. at 47–48. Courts view Rule 12(b)(6) motions with disfavor, and such motions are rarely granted. *See, e.g., Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (Federal Rule of Civil Procedure 8 contains "'a powerful presumption against rejecting pleadings for failure to state a claim'"). A Rule 12(b)(6) dismissal is proper only in "extraordinary" cases. *United States v. Redwood City*, 640 F.2d 963 966 (9th Cir. 1981). Finally, Federal Rule of Civil Procedure 15(a) restricts a Court's discretion to dismiss a complaint without leave to amend. Where an amended complaint might state a claim, a plaintiff must be given at least one more chance to amend the complaint before the district court dismisses the action with prejudice. *See, e.g., Silva v. Bieluch*, 351 F.3d 1045, 1048-1049 (11th Cir. 2003).

## B. Shopper's Corner has Pleaded Sufficient facts in Support of All the Challenged Causes of Action

### 1. Shopper's Corner Alleges Facts Sufficient to Support Its Claim for Breach of the Covenant of Good Faith and Fair Dealing

Defendant argues that Shopper's Corner "fail[s] to allege facts showing defendants took any action that served to deprive plaintiff of the benefits of the contract," Motion 2:1-3, and that, as a result, Shopper's Corner's cause of action for breach of the implied covenant of good faith and fair dealing should be dismissed. Motion at 4:12 – 5:20. As discussed below, Defendant's argument is incorrect.

3

a.  California law Regarding the Implied Covenant of Good Faith and Fair dealing

California law recognizes an implied covenant of good faith and fair dealing in every contract. *See Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000). The covenant is to the effect that neither party to the contract will do anything deliberately to deprive the other of the benefits of the agreement. *See, e.g., Pasadena Live, LLC v. City of Pasadena* 114 Cal.App.4th 1089, 1092-1094 (2004) ("[t]his covenant . . . imposes upon each contracting party . . . the duty to do everything that the contract presupposes that he will do to accomplish its purpose"); *see also Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp.2d 846, 852 (C.D. Cal. 2004) (breach of the implied covenant "involves unfair dealing prompted by a conscious and deliberate act 'that unfairly frustrates the agreed common purposes [of the contract] and disappoints the reasonable expectations of the other party'" to the contract). The scope of the duty of good faith and fair dealing "depends upon the purposes of the particular contract because the covenant 'is aimed at making effective the agreement's promises.'" *See Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000); *see also Sheppard v. Morgan Keegan & Co.*, 218 Cal.App.3d 61, 66-67 (1990) ("the precise nature and extent of the duty imposed by the covenant depends on the contract and the parties' justified expectations").

b.  The Complaint's Sets Forth Sufficient Factual Allegations

The complaint alleges that Shopper's Corner contracted with Hussmann "to purchase a high-end, state of the art refrigeration system with deep shelving for its business," and that "Hussmann agreed to furnish the equipment and materials and to install the refrigeration system." Complaint at ¶1, 1:22 – 2:2; ¶10, 3:19-22. The complaint further alleges that "[p]rior to executing the contract, Shopper's Corner informed Hussmann that it needed for its business, and intended to purchase from Hussmann, state-of-the-art refrigeration equipment, including refrigeration cases with deep shelves." Complaint at ¶ 12, 4:3-5. "In the Contract, Hussmann promised in writing to repair or replace any defective equipment and/or materials manufactured

4

by Hussmann and furnished to the job of installing the refrigeration system." Complaint at ¶11, 3:23-35.

However, "[u]nbeknownst to Shoppers Corner, Hussmann provided a refrigeration system that was discontinued by Hussmann during the installation at Shoppers Corner, and which had shallow shelves that were inadequate for plaintiff's expressed business needs." Complaint at ¶ 2, 2:3-5, ¶ 13, 4:6-10. This refrigeration system was "obsolete by the time Hussmann completed the installation." Complaint at ¶ 13, 4:6-10. Thus, as alleged, Defendant "provid[ed] Shopper's Corner with an obsolete, economy refrigeration system while representing to Shoppers Corner that it was purchasing a high-end and state-of-the-art[1] system, and invoicing Shoppers Corner for a high-end system." Complaint at ¶ 38, 8:10-13, ¶13, 4:6-10. Finally, the Complaint alleges that Defendant improperly installed the system, and then "fail[ed] and refus[ed] to repair the improperly-installed refrigeration system." Complaint at ¶ 20, 5:16-18, ¶ 39, 8:14-16. To the extent Hussmann attempted to repair the system, these efforts were marred by financially damaging delays occasioned by the difficulty of procuring proper parts for the now-discontinued refrigeration units. Complaint at ¶25, 6:10-14.

As alleged, Shopper's Corner possessed a justified, contractual expectation that Hussmann would provide and install a functioning refrigeration system of the highest level of development, with deep shelves to accommodate Shoppers Corner's business needs. Hussmann was aware of these requirements, but upset Shopper's Corner's expectations by providing an economy, shallow-shelved system that had been discontinued by the time its installation was completed and was inadequate for Shoppers' expressed business needs. Moreover, Hussmann failed adequately to install, and then refused fully to repair, the malfunctioning system, despite its contractual obligation to do so. On the facts as alleged, Hussmann took steps that unfairly

---

[1] The terms "state of the art" has been defined as "[t]he highest level of development, as of a device, technique, or scientific field, achieved at any particular time." The American Heritage Dictionary (2nd College Edition 1982).

frustrated the agreed common purpose of the contract and disappointed the reasonable

expectations of the other party to the contract, *Celador Int'l Ltd. v. Walt Disney Co.*, *supra*, 347

F. Supp.2d at 852, and thus violated the implied covenant of good faith and fair dealing

recognized by California law.  The facts alleged more than satisfy the "short and plain statement

of the claim" pleading requirement of Federal Rule of Civil Procedure 8(a)(2), *see Bennett v.*

*Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("a complaint is not required to allege all, or any, of

the facts logically entailed by the claim"), and demonstrably give "fair notice" of the claim

asserted and the "grounds upon which it rests." *Conley v. Gibson*, *supra*, 355 U.S. at 47–48.

> 2. <u>Shopper's Corner Alleges Facts with Sufficient Particularity to Support its Allegation that Defendant Violated California Business & Professions Code Sections 17200 *et seq.*</u>

Defendant argues "[p]laintiff has failed to describe with any reasonable particularity facts

supporting a violation of California's Unfair Competition Law under any of the prongs of that

statutory scheme and therefore plaintiff's sixth cause of action should be dismissed."  Motion at

7:1-3.  For the following reasons, plaintiff has adequately pleaded its claim under the unfair and

fraudulent prongs of California's unfair business practices statute.

> a.    <u>Applicable Law Regarding Business & Professions Code § 17200 *et seq.*</u>

Pursuant to Business & Professions Code § 17200, prohibited "unfair competition" is

defined, in relevant part, as "any unlawful, unfair or fraudulent business act or practice and

unfair, deceptive, untrue or misleading advertising . . ." Thus, the California Unfair Competition

Law is disjunctive, establishing three varieties of unfair competition: acts or practices which are

unlawful, or unfair, or fraudulent. *Berryman v. Merit Property Management, Inc.*, 152

Cal.App.4th 1544 (2007).

Under California law, the statutory tort of engaging in unfair business practices

encompasses practices which offend established public policy, or which are immoral, unethical,

oppressive, unscrupulous or substantially injurious to consumers. *Family Home & Finance*

*Center, Inc. v. Federal Home Loan Mortg. Corp.*, 461 F.Supp.2d 1188, 1195 (C.D. Cal.2006).

6

To state a claim under the unfair business practices law, the plaintiff need not plead and prove the elements of a tort, but need only establish that the practice is either (1) unlawful (*i.e.*, forbidden by law), (2) unfair, (*i.e.*, harm to victim outweighs any benefit), or (3) fraudulent (*i.e.*, is likely to deceive members of the public). *Albillo v. Intermodal Container Services, Inc.*, 114 Cal.App.4th 190, 206 (2003). Liability can be based on a single transaction, and does not require showing of ongoing wrongful business conduct. *See Klein v. Earth Elements, Inc.*, 59 Cal.App.4th 965, 969 n.3 (1997); *Podolsky v. First Healthcare Corp.*, 50 Cal.App.4th 632, 654 (1996). A violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage, *Wang v. Massey Chevrolet*, 97 Cal.App.4th 856, 872 (2002), and proof of a violation of the act does not require proving an intent to injure. *People v. Duz-Mor Diagnostic Laboratory, Inc.*, 68 Cal.App.4th 654, 673 (1998).

Finally, whether a practice is deceptive, fraudulent, or unfair for purposes of an unfair competition claim is generally a question of fact dependent on the circumstances of each case, which requires consideration and weighing of evidence from both sides and which usually cannot be made on demurrer. *See, e.g., Films of Distinction, Inc. v. Allegro Film Productions, Inc.*, 12 F.Supp.2d 1068, 1079 (C.D. Cal. 1998); *Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal.App.4th 115, 134-35 (2007).

        b.      <u>Legal Doctrine Regarding "Unfair" Business Practices under the Unfair Competition Law</u>

Under the Unfair Business Practices Act, the "unfair" prong is intentionally broad, *Motors, Inc. v. Times Mirror Co.* (1980) 102 Cal.App.3d 735, 739-40, and "unfair" practices may be actionable even if they fit no pattern previously condemned by statute or case law. *See, e.g., Allied Grape Growers v. Bronco Wine Co.* (1988) 203 Cal.App.3d 432, 450-51. The test for determining an "unfair" business act or practice is whether the gravity of the harm to the victim outweighs the utility of defendant's conduct. *See, e.g., Arizona Cartridge Remanufacturers Ass'n., Inc. v. Lexmark Intern., Inc.*, 290 F.Supp.2d 1034, 1041 (N.D. Cal. 2003); *Family Home & Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*, 461 F.Supp.2d 1188, 1195 (C.D.

7

Cal. 2006) (court must examine practice's impact on its alleged victim, balanced against reasons, justifications and motives of alleged wrongdoer; court must weigh utility of defendant's conduct against gravity of harm to alleged victim); *Motors, Inc. v. Times Mirror Co.*, 102 Cal.App.3d 735 (1980). A plaintiff alleging unfair business practices "must state with reasonable particularity the facts supporting statutory elements of the violation." *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303, 1316 (N.D. Cal. 1997).[2]

        c.    <u>Legal Doctrine Regarding the Fraudulent Prong of the Unfair Competition Law</u>

To prove a violation of the "fraudulent" prong of the Unfair Business Practices Act, it is only necessary to show that members of the public are likely to be deceived. *See, e.g., Heighley v. J.C. Penney Life Ins. Co.*, 257 F.Supp.2d 1241, 1259 (C.D. Cal. 2003); *Committee on Children's Television v. General Foods Corp.* (1983) 35 Cal.3d 197, 211 (superseded on other grounds by statute). Another California court has held that to prevail under the fraudulent prong of the unfair competition statute, a plaintiff must show the alleged representations were false <u>or</u> were likely to have misled "reasonable consumers." *Belton v. Comcast Cable Holdings, LLC*, 151 Cal.App.4th 1224, 1241 (2007).

Moreover, where a defendant owes a duty to disclose a known defect to its customers, the failure to disclose the defect "would very likely deceive[]" "members of the public" and supports a claim of fraudulent conduct under the unfair competition law. *Falk v. General Motors Corp.*, 496 F.Supp.2d 1088, 1098 (N.D. Cal. 2007). In *Falk*, plaintiff alleged that General Motors had a duty to disclose to its customers a known propensity of defendant's speedometers to fail prematurely. Finding the defendant owed a duty to disclose[3] the known defect in the

---

[2] Notably, the breach of the implied covenant of good faith and fair dealing has been deemed a breach of the "unfair" prong of the unfair business practices act, *see State Farm & Casualty Co. v. Superior Court*, 45 Cal.App.4th 1093, 1106 (1996), and a breach of contract claim is actionable as "unfair." *National Rural Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F.Supp.2d 1059, 1074-1075 (C.D. Cal. 2003).

[3] In California, "[a] failure to disclose or concealment can constitute actionable fraud in four

speedometers and failed to do so, and "viewing plaintiffs' material allegations in the light most favorable" to the plaintiff, the Court held "plaintiffs succeed[ed] in stating a fraudulent conduct claim under the UCL." *Id.* at 1098.

     d.   Hussmann Pleads Sufficient Facts in Support of Its Allegations That Defendant Violated Both the "Unfair" and the "Fraudulent" Prongs of the Unfair Competition Law

The Complaint alleges that "Shoppers Corner reasonably believed that Hussmann would provide Shoppers Corner with a state-of-the-art, functioning refrigeration system pursuant to the contract, while at the same time Hussmann knew that it would not be able to do so," Complaint at ¶71, 12:8-10, and that "Hussmann failed to disclose to Shoppers Corner that it was not providing Shoppers Corner with a refrigeration system meeting the specifications set forth in the contract. Hussmann further did not inform Shopper's Corner of known problems with the installation," Complaint at ¶71, 12:12-13, belatedly informed Shopper's Corner of the known design flaws in the system's fan, and ultimately refused to repair the problems of the system caused by the defective equipment and installation. (Complaint at ¶21, 5:19-23; ¶20, 5:16-18). Finally, the Complaint alleges that "Hussmann solicited and accepted payment from Shoppers Corner despite its knowledge and failure to disclose material information as described above." Complaint at ¶73, 12:13-15.

The Complaint clearly alleges the substantial financial and business harm and damage suffered by Shoppers Corner as a result of the defendant's acts and omission. Moreover, no conceivable business justification exists for Defendant's conduct. Thus, the requirement under the "unfair" prong of the unfair competition statute that "the gravity of the harm to the victim" substantially outweighs any conceivable "utility of defendant's conduct" is satisfied. *See, e.g.,*

---

circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact. *Id.* at 1094-1095.

9

1   *Arizona Cartridge Remanufacturers Ass'n, Inc. v. Lexmark Intern., Inc., supra,* 290 F.Supp.2d at

2   1041.

3       Furthermore, the Complaint alleges the Defendant's representations were false, and on

4   their face Defendant's false representations relating to the system specifications and the

5   installation problems were likely to mislead a "reasonable consumers." Finally, like the

6   defendant in the *Falk* case, Hussmann was under a duty to Shopper's Corner to disclose[4] the

7   known design flaws in the system's fan, and failed to do so. Under the holding in *Falk,* this

8   failure by Hussmann to disclose a known defect in the system was likely to deceive the public,

9   and thus Shopper's Corner states "a fraudulent conduct claim under the UCL." *Falk v. General*

10  *Motors Corp., supra,* 496 F.Supp.2d at 1098. Thus, the Complaint's allegations satisfy the

11  fraudulent prong of the unfair competition statute. *Belton v. Comcast Cable Holdings, LLC,*

12  *supra,* 151 Cal.App.4th at 1241.

13      The Complaint's allegations pleaded in support of this cause of action, which

14  incorporates all the factual allegations in the Complaint's Statement of Facts, states with

15  sufficient particularity facts supporting defendant's breach of the fraudulent and unfair prongs

16  the unfair competition statute, and satisfies the "short and plain statement" rule of pleading in

17  federal Rule of Civil Procedure 8(a)(2).

18      3.  Shoppers Corner has Adequately Pleaded Facts Sufficient to Support Allegation of
19          Fraud and Deceit

20          a.  General Rules of Pleading Regarding Fraud and Misrepresentation Claims

21      As a preliminary matter, the Federal Rules of Civil Procedure govern the sufficiency of a

22  pleading in federal actions, even those actions based on diversity jurisdiction. *Federal Sav. &*

23  *Loan Ins. Corp. v. Texas Real Estate Counselors, Inc.,* 955 F.2d 261, 269–270 (5th Cir. 1992).

24

25  _____

26  [4] Hussmann possessed exclusive knowledge of material facts not known to the plaintiff, actively
    concealed a material fact from the plaintiff, and made partial representations while suppressing
27  some material fact. *Falk v. General Motors Corp., supra,* 496 F.Supp.2d at 1094-1095.

28

U.S.D.C. Case No. Civ. C07 06437

Memorandum of Points and Authorities in Opposition to Motion to Dismiss

Thus, in federal court actions based on state law claims, substantive state law determines whether the claims exist, but the manner in which such claims are raised is governed by the Federal Rules. *See, e.g., Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997); *EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA* 467 F.3d 466, 470, fn. 2 (5th Cir. 2006) (a complaint that satisfies the Federal Rules cannot be challenged on the basis that it would be subject to a demurrer in a state court for failure to set forth sufficient facts to constitute a cause of action).

Pursuant to Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Wyatt v. Terhune*, 315 F.3d 1108, 1118 (9th Cir. 2003) (Rule 9(b) an exception to Rule 8's liberal requirements that parties only make short and plain statements of their claims). Thus, in diversity cases, the substantive elements of fraud are determined by state law. But those elements must be pleaded with particularity as required by FRCP 9(b). *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1028 (9th Cir. 2000); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). As the Ninth Circuit has articulated, "[t]he purpose of this rule is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. Without such specificity, defendants in these cases would be put to an unfair disadvantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing." *Concha v. London*, 62 F.3d 1493, 1502–1503 (9th Cir. 1995); see also *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

But Rule 9(b)'s particularity requirement nonetheless must be read in harmony with Rule 8's requirement of a short and plain statement of the claim. *See Sanderson v. Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006). Thus, the particularity requirement is satisfied if the pleading "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

11

In the Ninth Circuit, "statements of the time, place and nature of the alleged fraudulent activities are sufficient "under Rule 9(b), *Id.*, and "[t]he nature of the individual case, in the end analysis, determines exactly how much additional specificity is required." *Arroyo v. Wheat,* 591 F.Supp. 136, 139 (D. Nev. 1984).  However, a "nit-picking" approach is frowned upon in making such determination." *Gottreich v. San Francisco Dev. Corp.*, 552 F.2d 866, 867 (9th Cir. 1977).[5] In certain cases "to be sure, the requisite particularity might be supplied with great simplicity." *In Re GlenFed, Inc. Secur. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994) (superseded by statute on other grounds).

Finally, allegations of fraud based on information and belief "usually do not satisfy the degree of particularity required under Rule 9(b)," *Zatkin v. Primuth*, 551 F. Supp. 39, 42 (S.D. Cal. 1982), but this "rule may be relaxed with respect to matters within the opposing party's knowledge.  In such situations, plaintiffs cannot be expected to have personal knowledge of the relevant facts."  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993); *see also Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987) ("[s]uch 'an exception exists where, as in cases of corporate fraud, the plaintiffs cannot be expected to have personal knowledge of the facts constituting the wrongdoing.' (Citation omitted).  In such cases, the particularity requirement may be satisfied if the allegations are accompanied by a statement of the facts upon

---

[5] Although federal pleading standards are applicable in this diversity action, it bears comment that California law also frowns on a doctrinaire approach to the specificity requirement in fraud pleadings.  As the California Supreme Court has noted, "Witkin adds, however, that: 'In reading the cases one gains the impression that entirely too much emphasis has been laid upon the requirement of specific pleading.  The characterization of some actions as 'disfavored' has little to recommend it ... and actions based on fraud are so numerous and commonplace that the implications of immoral conduct are seldom considered more serious than those involved in other intentional torts.  Hence, while it seems sound to require specific pleading of the facts of fraud rather than general conclusions, the courts should not look askance at the complaint, and seek to absolve the defendant from liability on highly technical requirements of form in pleading. Pleading facts in ordinary and concise language is as permissible in fraud cases as in any others, and liberal construction of the pleading is as much a duty of the court in these as in other cases.' (Citations omitted)." *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197 n.17 (1983).

1  which the belief is founded").

2          b.  Shopper's Corner Has Alleged Facts Showing That Defendant Should Have
3              Known Representations were False

4          Hussmann argues "[p]laintiff has not asserted facts that support a claim that there was

5  any misrepresentation" and "has done nothing more than assert an opinion that it did not receive

6  what it had thought it was getting" and that as a result plaintiff's seventh cause of action for

7  negligent misrepresentation should be dismissed." Motion at 8:3-6.

8          Negligent misrepresentation is a form of deceit defined as the assertion, as a fact, of that

9  which is not true, by one who has no reasonable ground for believing it to be true. *Eddy v.*

10 *Sharp*, 199 Cal.App.3d 858, 865 (1988); Cal. Civ. Code, § 1710. The elements of a cause of

11 action for negligent misrepresentation are: (1) a representation by the defendant as to a past or

12 existing material fact; (2) the representation is untrue; (3) regardless of the defendant's actual

13 belief, the defendant made the representation without any reasonable ground for believing it to

14 be true; (4) the representation was made with the intent to induce the plaintiff to rely on it; (5)

15 the plaintiff was unaware of the falsity of the representation and acted in justifiable reliance on

16 the truth of the representation; and (6) as a result of reliance on the truth of the representation,

17 the plaintiff sustained damage. *Continental Airlines, Inc. v. McDonnell Douglas Corp.*, 216

18 Cal.App.3d 388, 403 (1989). In order to state a cause of action for fraud and deceit it is

19 necessary to allege facts which show the existence of each of these elements. *Lesperance v.*

20 *North Am. Aviation, Inc.*, 217 Cal.App.2d 336, 345 (1963).

21         The Complaint alleges that, on or about October 17, 1998, defendant Hussmann, through

22 a Hussmann sales representative named Mr. Greg Ranieri, "made the representation to Shopper's

23 Corner that pursuant to the Contract for the purchase and installation of the refrigeration system

24 Shopper's Corner was purchasing a state-of-the-art refrigeration system with deep shelves."

25 Complaint at ¶ 77, 13:1-4. The Complaint further alleges that Hussmann then delivered and

26

27

28

                                              13

installed a refrigeration system that Hussmann "discontinued in the year 1999 or 2000" that "had shallow shelves and was therefore inadequate for the expressed needs of Shoppers Corner." Complaint at ¶ 78, 13:5-10. The discontinued refrigeration system installed by Hussmann had been superseded by newer models and was thus "obsolete by the time Hussmann completed the installation." Complaint at ¶ 13, 4:6-10. Hussmann nonetheless invoiced Shoppers Corner for the full purchase price of a high-end, deep-shelved refrigeration system, in the amount of $365,123.69. Complaint at ¶14, 4:11-13. Because the installed refrigeration system was "no longer in production by Hussmann" by the time it completed installation, "the proper parts were difficult to procure, and the wrong parts repeatedly were ordered by Hussmann, causing significant further delays" in the attempts to repair the system. Complaint at ¶ 13, 4:6-10; ¶ 25, 6:10-14.

The Complaint further alleges that when Mr. Ranieri made these representations, he had no reasonable ground for believing his representations were true "in that Hussmann should have known at the time of making this representation that the refrigeration system ordered by Shopper's Corner would be discontinued in the year 1999 or 2000, and would therefore be rendered obsolete, and that the system purchased by Shopper's Corner had shallow shelves and was therefore inadequate for the expressed needs of Shoppers Corner." Complaint at ¶ 78, 13:5-10. The Complaint further alleges that Mr. Ranieri made these representations with the intention of inducing Shoppers Corner to rely on them, Complaint at ¶ 79, 13:11-13, that Shoppers Corner was unaware of the falsity of the representations and justifiably relied on Mr. Ranieri in his capacity as a sales representative of Hussmann, a refrigeration manufacturer and installer, Complaint at ¶80, 13:14-20, and that Shoppers Corner was damaged as a proximate result of Hussmann's representations. Complaint at ¶81, 13:21-23.

Plaintiff has pleaded all the substantive elements for a cause of action of negligent misrepresentation under California law. Moreover, Shopper's Corner clearly "identified the circumstances constituting fraud" such that "defendant can prepare an adequate answer to the allegations. *Moore v. Kayport Package Express, Inc.*, *supra*, 885 F.2d at 540. By identifying the

approximate time the representation was made, the Hussmann agent who made the

representations, the nature of the representations and how they were untrue, Shoppers Corner has

placed defendant on clear notice of the allegations so that it may appropriately answer the

allegations. *See Concha v. London*, *supra*, 62 F.3d at 1502-1503; *Semegen v. Weidmer*, *supra*,

780 F.2d 727.

Defendant's argument that Shopper's Corner has not identified the individual to whom

the representations were made is not determinative. Motion at 7:20-26. Shoppers Corner is a

family-run market located in Santa Cruz, California. Complaint at ¶¶ 9-10 at 3:15-22. The

Contract at issue was executed by a Shopper's Corner representative, and Hussmann can consult

its records, ask Mr. Ranieri, or conduct discovery to ascertain the identity of Mr. Ranieri's

interlocutor. In addition, defendant's argument that Shopper's Corner "fails to allege facts

asserting why the system ordered by plaintiff was not 'state-of-the-art' at the time it was

ordered," Motion at 7:21-22, misconstrues Shopper's Corner's argument. The Complaint alleges

that the refrigeration system was outdated and discontinued by Hussmann by the time the

installation was completed, not when the Contract was negotiated and executed. Having

contracted for, and agreed to pay for, a high-end, state-of-the-art refrigeration system, Shopper's

reasonably expected that Hussmann would install a system meeting these specifications.

Defendant's argument undermines principles of contractual interpretation and invites vendors to

engage in "bait and switch" tactics with their customers.

Defendant's argument that "[p]laintiff also fails to allege facts as to how or why

defendant 'should have known' that the system would be discontinued some one to two years in

the future" should be rejected. Motion at 7:20-26. First, the Complaint alleges that the

refrigeration system was discontinued sometime in 1999 or 2000. The Contract was negotiated

in October 1998, and thus the actual discontinuation date may have been in early 1999.

Moreover, Hussmann is a global manufacturer and installer of refrigeration systems.

Presumably, the design, manufacture, and roll-out process for new refrigeration systems is a

years-long, carefully executed  process. It simply defies credulity that Hussmann was unaware,

15

at the time of contracting with Shoppers Corner, that it was going to discontinue the Shoppers

Corner system within the time it would take to install that system. A far more likely scenario is

that Hussmann, knowing it was going to discontinue the Shopper's Corner system in short order,

wanted to dump its soon-to-be-outdated inventory before introducing its new product line to the

marketplace.

Finally, Defendant's assertion that "[n]owhere in the complaint does plaintiff ever

explain or identify what he understood 'deep shelves' to be, or how they differed from the

system that was installed," Motion at 7:27 – 8:2, does not render the pleading defective. The

Complaint alleges that Hussmann contracted to provide a system with "deep shelves" suitable for

Shoppers Corner's expressed business needs, but delivered and installed a system with shallow

shelves utterly inadequate for Shoppers expressed needs. Complaint at ¶9, 3:15-18; ¶12, 4:3-5;

¶¶77-78, 13:1-10. These allegations clearly place defendant on notice of the claims against it,

and provides ample information for it to answer the claims.

> c. Defendant's Request for Dismissal of Plaintiff's Claim for Fraud and Deceit –
> Suppression of Facts Should be Denied

Defendant argues that "[p]laintiff has failed to meet the particularity requirements for

stating a cause of action for fraud and therefore plaintiff's eighth cause of action should be

dismissed." Motion at 9:2-10. For the reasons below, defendant is incorrect and its request for

the court to dismiss plaintiff's eighth cause of action for Fraud and Deceit – Suppression of Facts

should be denied.

In California, fraud and deceit may consist of the suppression of a fact by one bound to

disclose it or by one who gives information of other facts that are likely to mislead for want of

communication of that fact. Cal. Civ. Code § 1710; *Outboard Marine Corp. v. Superior Court*,

52 Cal.App.3d 30, 37 (1975). *See also Brownlee v. Vang*, 235 Cal.App.2d 465, 477 (1965)

(person who undertakes to speak is bound not only to tell truth but not to suppress or conceal

facts that materially qualify those stated facts); *McCue v. Bruce Enters, Inc.*, 228 Cal.App.2d 21,

27 (1964) (vendor who undertakes to speak has duty to make complete disclosure). Liability on

1   a party for nondisclosure of facts only arises if the party was under a legal duty to disclose the

2   facts, either as a result of a fiduciary or confidential relationship, privity of contract, or other

3   special circumstances. *Warner Constr. Corp. v. Los Angeles*, 2 Cal. 3d 285, 294 (1970); *La Jolla*

4   *Village Homeowners' Assn. v. Superior Court*, 212 Cal.App.3d 1131, 1151 (1989 (overruled on

5   other grounds by *Jimenez v. Superior Court*, 29 Cal.4th 473 (2002)).

6       The elements of fraudulent nondisclosure are: (1) nondisclosure by defendant of facts

7   materially affecting value or desirability of property; (2) defendant's knowledge of facts and

8   plaintiff's ignorance of or inability to ascertain facts; (3) defendant's intention to induce action

9   by plaintiff; (4) inducement of plaintiff to act by reason of nondisclosure; and (5) resulting

10  damage. *Continental Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal.App.3d 388, 404-05

11  (1989); *La Jolla Village Homeowners' Assn v. Superior Court, supra*, 212 Cal.App.3d at 1151-

12  1152.

13      The Complaint alleges (1) that "Hussmann installed incorrectly-sized refrigeration piping

14  with improper running lengths for the system," Complaint at ¶ 15, 4:18-19, (2) that "[f]ollowing

15  delivery and installation of the Hussmann refrigeration system, no Hussmann employee or agent

16  informed Shopper's Corner that incorrectly sized refrigeration pipes with improper running

17  lengths had been installed by Hussmann," Complaint at ¶ 83, 14:1-3, and (3) that the installation

18  of "the improperly sized and run refrigeration lines caused five compressors to fail" and "must

19  be replaced for the system to perform properly." Complaint at ¶27, 6:20-26. The Complaint

20  further alleges that "[d]uring the period from approximately January 2000 until approximately

21  January 2002, when Hussmann personnel serviced and repaired the refrigeration system,

22  Hussmann informed Shopper's Corner that the system had defects due to its installation that

23  were severe and chronic and rendered the system irreparable, which facts were known to

24  defendant Hussmann . . ." Complaint at ¶84, 14:4-11.

25      In addition, the Complaint alleges that in or about August 2003, Shopper's Corner

26  contacted Hussmann headquarters directly to report a catastrophic failure of a fan in a

27

28

U.S.D.C. Case No. Civ. C07 06437

Memorandum of Points and Authorities in Opposition to Motion to Dismiss

refrigeration rack, and only then was informed that "Hussmann was aware of design flaws with this model of fan, and was taking steps to resolve the problem." Complaint at ¶ 21, 5:19-23.

The Complaint further alleges "[t]he suppression of the fact of the piping and other defects in installation was likely to mislead the plaintiff and did in fact mislead the plaintiff in light of the representations made by defendant Hussmann that the system could be repaired." Complaint at ¶ 84, 14:4-11. In sum, due to Hussman's suppression of material facts, Shoppers Corner was induced to expend enormous financial resources to repair an irreparable system. For these misrepresentations by Hussmann, "Shoppers Corner was damaged in an amount according to proof at trial." Complaint at ¶ 87, 14:23-25.

Defendant argues this cause of action should be dismissed because "[p]laintiff does not identify any individuals that it claims should have informed it of the alleged defects. Plaintiff does not specify what alleged defects, other than the pipes, it should have been informed of. Plaintiff does not allege when defendants allegedly came to know that the alleged defects rendered the system irreparable . . ." And thus, defendant argues, "[p]laintiff has failed to meet the particularity requirements for stating a cause of action for fraud . . ." Motion at 9:2-10.

In support of this argument, defendant cites *S.E.C. v. Nacchio*, 438 F.Supp. 2d 1266, 1277-1278 (D.Colo. 2006), a decision from the Tenth Circuit, for the proposition that for purposes of satisfying the particularity requirements, "the complaint must identify the particular information that should have been disclosed, the reason the information should have been disclosed, the person who should have disclosed it, and the approximate time or circumstances in which the information should have been disclosed." Motion at 8:25-28. But, critically, defendant ignores other language in this case that states, "[l]ogically, the requirements of Rule 9(b) are relaxed somewhat when the alleged fraud arises from the speaker's omission of material facts, as one cannot allege with particularity the time, place, and contents of something that was never said." *Id.* at 1278.

This Federal District "has recognized that a fraud by omission claim can succeed without the same level of specificity required by a normal fraud claim." *Falk v. General Motors Corp.*,

18

1    *supra*, 465 F.Supp.2d at1098-1099 ("[c]learly, a plaintiff in a fraud by omission suit will not be

2    able to specify the time, place, and specific content of an omission as precisely as would a

3    plaintiff in a false representation claim). As the Court stated, "'[w]here the fraud consists of

4    omissions on the part of the defendants, the plaintiff may find alternative ways to plead the

5    particular circumstances of the fraud. [F]or example, a plaintiff cannot plead either the specific

6    time of the omission or the place, as he is not alleging an act, but a failure to act.'" *Id.* at 1099

7    (citation omitted). Applying this reasoning, the Court denied the motion to dismiss "for failure

8    to precisely state the time and place of the fraudulent conduct." *Id.* at 1099.

9          Shopper's Corner has pleaded with sufficient particularity the facts suppressed by

10   defendant to enable defendant to answer the complaint. It has pleaded the suppressed facts

11   themselves, and the reasons why the facts should have been disclosed. The factual basis for

12   Shoppers Corner's claims is clear, and the fact the complaint does not identify who should have

13   disclosed the facts or when they should have disclosed them in no way prejudices or

14   disadvantages defendant.[6] *See Concha v. London*, *supra*, 62 F.3d at 1502-1503; *Semegen v.*

15   *Weidner*, *supra*, 780 F.2d 727. Further, Defendant's claim that the complaint is flawed because

16   Shopper's Corner does not identify other defects, other than the pipes, that should have been

17   disclosed, is inaccurate and not germane. First, the Complaint does allege that Hussmann

18   belatedly suppressed facts about its defective fans. Second, Hussmann's installation of improper

19   pipes is the root cause of many of the system's failures, and of much of the damage suffered by

20   Shopper's Corner due to Defendant's acts and omissions. Thus, the Complaint gives clear notice

21   of what is alleged, and "identifies the circumstances constituting the fraud" and the damages.

22   *See Moore v. Kayport Package Express, Inc.*, *supra*, 885 F.2d at 540.

23

24   _____

25   [6] Defendant's claim that the complaint is infirm because it does not allege "when defendant knew

26   of the alleged defects and failed to inform plaintiff of them," Motion at 9:2-10, is perplexing. It
     is unclear how Shopper's Corner could know, absent discovery, when Hussmann knew of the

27   defects alleged. As the *Nacchio* Court states, "one cannot allege with particularity the time,
     place, and contents of something that was never said." *S.E.C. v. Nacchio*, *supra*, 438 F.Supp. 2d

28   at 1278.

19

1

**CONCLUSION**

2    For the foregoing reasons, Plaintiff Shopper's Corner, Inc. respectfully requests the Court

3    to deny Hussmann's motion to dismiss in its entirety.  To the extent the Court grants Hussmann's

4    motion, Shopper's Corner respectfully requests the Court to grant it leave to amend the

5    Complaint.

6

7    Dated:  May 7, 2008                    By:    _____/s/ Steven F. Gruel_____

8                                                   STEVEN F. GRUEL
                                                    Attorney for Plaintiff
9                                                   SHOPPER'S CORNER, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20