1  STEVEN F. GRUEL (CSBN 213148)
   655 Montgomery Street, Suite 1700
2  San Francisco, California 94111
   Telephone:  (415) 989-1253
3  Facsimile:   (415) 576-1442
   attystevengruel@sbcglobal.net
4

5  Attorney for SHOPPER'S CORNER, INC.

6
                    IN THE UNITED STATES DISTRICT COURT
7
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
                                SAN JOSE DIVISION
9

| | |
|---|---|
| SHOPPER'S CORNER, INC., a California Corporation, | Case No.: C07 06437 RS |
| Plaintiff, | **PLAINTIFF SHOPPER'S CORNER, INC.'S OPPOSITION TO DEFENDANT HUSSMANN CORPORATION'S MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| HUSSMANN CORPORATION, a Missouri Corporation, | Date:  May 28, 2008 |
| Defendant. | Time:  9:30 a.m. |
| | Courtroom:  4 |
| | Trial Date:  None Set |

0

# INTRODUCTION

Plaintiff Shopper's Corner, Inc. (hereinafter, "Shopper's Corner") filed the complaint in this action on December 21, 2007. Defendant Hussmann Corporation (hereinafter, "Hussmann" or "Defendant") filed its Motion to Strike (hereinafter, "Motion") pursuant to Federal Rule of Civil Procedure 12(f) on March 14, 2008, seeking to strike matters "that are redundant, immaterial, and or impertinent." Motion at 2:9-11. Specifically, the Motion seeks to strike the following matter from the complaint: (1) Page 6, ¶25, line 14: "causing great financial and psychological distress to its owners;" (2) Page 15, line 11: "3. For reasonable attorneys fees according to proof;" (3) Page 15, line 20: "4. For reasonable attorney's fees according to proof;" (4) Page 16, line 2: "4. For attorney's fees according to proof;" (5) Page 17, line 1: "5. For reasonable attorney's fees;" (6) Page 17, line 13: "3. For reasonable attorney's fees and costs;" (7) Page line 22: "3. For reasonable attorney's fees and costs." Plaintiff respectfully requests the Court to deny Defendant's Motion as argued below.

# FACTUAL BACKGROUND

Shopper's Corner is a family-owned market located in Santa Cruz, California. Complaint at ¶10, 3:21. Hussmann manufactures and installs commercial refrigeration systems. On about December 1, 1998, after receiving a quotation from a Hussmann sales representative named Mr. Greg Ranieri, Shopper's Corner executed a contract pursuant to which Hussmann agreed to provide and install a state of the art refrigeration system with deep shelves for Shopper's Corner's store located at 622 Soquel Avenue, Santa Cruz, California. Shopper's Corner agreed to pay Hussmann $365,123.69 for the purchase and installation of the refrigeration system. Complaint at ¶¶9-12, 3:9-4:5; ¶14, 4:11-13.

Without informing Shopper's Corner, Defendant installed an economy, low-end refrigeration system with shallow shelves that was discontinued by Hussmann prior to completion of the installation process. Complaint at ¶13, 4:6-10. Also, Hussmann installed incorrectly-sized refrigeration piping with improper running lengths for the system. Complaint at ¶15, 4:18-19. The refrigeration system manifested severe, chronic problems upon completion

of the installation, necessitating substantial financial outlays by Shopper's Corner and significant disruption of its business operations. Complaint at ¶17, 5:2-4; ¶19, 5:12. Efforts to repair the system were hampered and delayed because parts were difficult to procure for the now-discontinued Shopper's Corner system. Complaint at ¶25, 6:10-12. In or about August 2003, Hussmann belatedly informed Shopper's Corner that it was aware of design flaws with the model of fan in the Shopper's Corner system. Complaint at ¶21, 5:19-23.

Shopper's Corner's refrigeration system remains plagued by chronic problems. The improperly-sized and run refrigeration lines have caused five compressors to fail. The refrigeration piping must be replaced for the system to perform properly. Complaint at ¶ 27, 6:20-22. Although Hussmann informed Shopper's Corner the system could be repaired, Complaint at ¶84, 14:4-6), ultimately Hussmann refused to provide further assistance repairing the malfunctioning system. Complaint at ¶5, 5:16-18. After numerous unsuccessful attempts over time to repair the system, the chronically malfunctioning refrigeration system is irreparable. Complaint at ¶84, 14:4-11.

## ARGUMENT

A.    Motions to Strike Are Disfavored

Pursuant to Federal Rule of Civil procedure 12(f), before responding to a pleading, a party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter."[1]  A motion to strike may be used to strike the prayer for relief, including

---

[1] The term "Redundant" includes allegations that are wholly foreign to the issues involved or the needless repetition of allegations. *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116, 120 n.4 (D. P.R. 1972). The term "Immaterial" means the matter has no bearing on the controversy before the Court. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (reversed on other grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534–535 (1994); *Johnson v. American Aviation Corp.*, 64 F.R.D. 435, 438–439(D. N.D. 1974). "Impertinent" includes allegations that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the action. *Fantasy, Inc. v. Fogerty*, *supra*, 984 F.2d at 1527; *Barcher v. New York Univ. School of Law*, 993 F.Supp. 177, 181 (S.D. N.Y. 1998).

prayers for attorneys fees, where the damages sought are not recoverable as a matter of law.[2]
*See, e.g.*, *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005).

Motions to strike pursuant to Federal Rule of Civil Procedure 12(f) are rarely granted. If there is any doubt as to the relevance of the challenged allegations, courts err on the side of permitting the allegations to stand, particularly where the moving party shows no prejudice stemming form the challenged matter. *Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*, 719 F.Supp. 1072, 1073 (M.D. Fla. 1989); *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 566 (C.D. Cal. 2005) (motions to strike are regarded with disfavor because often used as delaying tactics, and because of the policy favoring resolution on the merits). As with motions to dismiss for failure to state a claim, when ruling upon a motion to strike, the court must view the pleading under attack in the light more favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

B.    Defendant's Motion to Strike Requests for Attorney's Fees Should Be Denied[3]

Defendant argues that "[t]he failure to allege circumstances that would allow for the award of attorney's fees is grounds to strike any prayer for attorney's fees . . . Therefore, the court should strike all of the prayers for attorney's fees from the Complaint." Motion, at 5:21-24. Specifically, Defendant requests the Court to strike Shopper's Corner's requests for attorney's fees for the following causes of action: (1) Breach of Contract, (2) Breach of the Covenant of Good Faith and Fair Dealing, (3) Breach of Express Warranty, (4) Money Had and Received, (5) Negligent Misrepresentation, and (6) Suppression of Facts.

---

[2] Some courts hold an improper prayer is not subject to a motion to strike. *See Massachusetts ex. rel. Bellotti v. Russell Stover Candies, Inc.*, 541 F.Supp. 143, 145 (D. Mass. 1982).

[3] Defendant also seeks to strike the complaint's reference to "financial and psychological distress to [Shopper's Corner's] owners." Motion at 4:20-28. Allegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant. *See, e.g., Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*, 402 F.Supp. 636, 637–638 (D.C. N.Y. 1975); *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992). Hussmann does not argue that this information is prejudicial, and its motion to strike this matter should be denied.

1. <u>The Contract between the Parties Provides for Attorneys Fees for on the Contract</u>

Under California Civil Code § 1717(a), "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Emphasis added.) By its terms, Civil Code § 1717 covers only contract actions, where the theory of the case is breach of contract, and where the contract sued upon itself specifically provides for an award of attorney fees incurred to enforce that contract. *See Xuereb v. Marcus & Millichap, Inc.*, 3 Cal.App.4th 1338, 1342 (1992).

As the complaint alleges, Shopper's Corner and Hussmann entered into a contract in which Hussmann agreed to furnish and install high-end refrigeration equipment to Shopper's Corner. Complaint at ¶10, 3:19-22. Paragraph 8 of this contract provided for attorneys fees as follows: "If any action or lawsuit is brought to enforce or interpret the provision of this Contract, the prevailing party shall be entitled to reasonable attorney's fees (including expenses, expert witness fees, and other costs), which may be set by the court in the same action or in a separate action brought for that purpose, in addition to any other relief to which that party may be entitled." Declaration of Steven F. Gruel in Support of Plaintiff Shopper's Corner, Inc.'s Opposition to Defendant Hussmann Corporation's Motion to Strike, Exhibit 1.[4] Thus, pursuant

---

[4] As with a motion to dismiss for failure to state a claim, a court may generally only consider the pleading in question and any exhibits that have been incorporated therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). This standard also applies to motions to strike. *See Willson v. Bank of America, N.A.*, WL 1811148 (N.D. Cal. 2004) (not reported in F.Supp.2d) (citing *Dah Chong, Ltd. v. Silk Greenhouse, Inc.*, supra, 719 F.Supp. at 1073). However, a court may also consider an external document to a pleading if the pleading "necessarily relies" on the document and no party contests the document's authenticity. *Parino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998).

to Civil Code § 1717, Shopper's Corner may as a matter of law recover attorney's fees for its first cause of action for breach of contract.

### 2. The Attorney's Fees Provision in the Contract is Sufficiently Broad to Cover All of Shopper's Corner's Prayers for Attorney's Fees

Pursuant to Code of Civil Procedure § 1032(b), "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Code of Civil Procedure § 1033.5(a)(10) states that "attorney fees, when authorized by contract, statute, or law, are recoverable as an element of costs."

Pursuant to Code of Civil Procedure § 1021, "[e]xcept as attorneys fees are specifically provided for by statute, the measure and mode of compensation of attorneys . . . is left to the agreement, express or implied, of the parties . . ." Thus, under Code of Civil Procedure § 1021, the parties to a contract may agree that the prevailing party in any litigation between them will be entitled to attorney fees, not only for causes of action based on contract but also for causes of action sounding in tort." *See, e.g., Xuereb v. Marcus & Millichap, Inc.*, *supra*, 3 Cal.App.4th at 1341. The attorney's fee provision in the contract here at issue is broad enough to include Shopper's Corner's non-contract-based claims.

The case of *Allstate v. Loo*, 46 Cal.App.4th 1794 (1996) concerned a complaint asserting causes of action for negligence, failure to disclose a latent defect, and breach of an implied warranty of habitability. The underlying contract between the parties had an attorney's fees clause stating: "In any legal action brought by either party to enforce the terms hereof or relating to the demised premises, the prevailing party shall be entitled to all costs incurred in connection with such action, including a reasonable attorney's fee." *Id.* at 1799. Noting that the sole inquiry was whether the contracting parties "intend[ed] to authorize the prevailing party to recover its attorney fees for a tort cause of action," the court held "this provision encompasses any action-whether in contract or in tort-which relates to the leased premises." *Id.* at 1798-1799.

Similarly, in *Jones v. Union Bank of California*, 127 Cal.App.4th 542 (2005), the Court construed an attorney's fee agreement reading as follows: "In any action between the parties

5

U.S.D.C. Case No. Civ. C07 06437

Memorandum of Points and Authorities in Opposition to Motion to Strike

seeking enforcement of this Forbearance Agreement, ... or in connection with the Peppertree property, ... the prevailing party in such action shall be awarded ... its reasonable attorneys' fees." *Id.* at 545. On this language, the court held "the attorneys' fees provisions at issue here are broader than actions on the contract. They include any action between the parties "in connection with the Peppertree property...." Such provisions are enforceable according to their terms. (*See Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1342-1343, 5 Cal.Rptr.2d 154)." *Id.* at 548. *See also Kelley v. Bredelis*, 45 Cal.App.4th 1819 (court reached same conclusion regarding contractual attorneys fee provision stating "[s]hould any litigation be commenced between the parties hereto concerning the demised premises, this lease, or the rights and duties of either in relation thereto, the party, Lessee or Lessor, prevailing in such litigation shall be entitled, in addition to such other relief as may be granted, to a reasonable sum as and for his attorney's fees in such litigation").

Finally, in *Thompson v. Miller*, 112 Cal.App.4th 327 (2003), the court construed a contractual attorneys fee clause reading "[t]he prevailing party in any dispute under this Agreement shall be entitled to reasonable attorneys fees incurred in such dispute." *Id.* at 332. There, the court noted the fee provision's emphasis on a "dispute" between the parties took the agreement out of the ambit of Civil Code § 1717, which focuses on "[a]ny *action* on a contract." (Emphasis added.) Noting that "[w]hile 'dispute' includes a conflict giving rise to an action, it is not necessarily limited to such a conflict," and that litigation of plaintiff's tort claims is a "dispute – that is, a conflict or controversy," the court concluded that "[a]ny conflict concerning the effect of the agreements gives rise to a right to an attorneys fees award by the prevailing party," including conflicts sounding in tort. *Id.* at 337.

The attorney's fees provision at issue in the instant action states that "[i]f any action or lawsuit is brought to enforce or interpret the provisions of this Contract, the prevailing party shall be entitled to reasonable attorneys' fees . . ." Under the teachings of *Allstate v. Loo*, *Jones v. Union Bank of California*, and *Kelley v. Bredelis*, this contractual language is broad enough to cover non-contract claims. Furthermore, applying the reasoning of *Thompson v. Miller*, the

6

U.S.D.C. Case No. Civ. C07 06437

Memorandum of Points and Authorities in Opposition to Motion to Strike

instant attorney's fees provision explicitly goes beyond the "action" language of Civil Code § 1717, specifically adding the additional term "any . . . lawsuit." Thus, by its terms, this attorney's fee provision includes contract and tort claims within its purview. *Jones v. Union Bank of California*, *supra*, 127 Cal.App.4th at 548 ("[s]uch provisions are enforceable according to their terms").

    3.    <u>Certain of Shopper's Corner's Causes of Action are "On the Contract" under Civil Code § 1717</u>

As discussed, *supra*, Civil Code § 1717(a) provides, in part, "[i]n any action on a contract, where the contract specifically provides that attorney's fees . . . shall be awarded" the party "prevailing on a contract . . . shall be entitled to reasonable attorneys fees . . ." California courts liberally construe the "on a contract" requirement in Civil Code § 1717 to extend to any action as long as it "involves" a contract. *See, e.g., California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc.*, 96 Cal.App.4th 598, 605 (2002).

Whether an action is "based on contract or tort depends upon the nature of the right sued upon, not the form of the pleading or relief demanded. If based on breach of promise it is contractual; if based on breach of a noncontractual duty it is tortious . . . . In the final analysis we look to the pleading to determine the nature of plaintiff's claim." (citations omitted). *Fairchild v. Park*, 90 Cal.App.4th 919, 925 (2001). The fact that the party initiating the action does not frame it as being under the contract does not rule out an award of fees. *California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc.*, *supra*, 96 Cal.App.4th at 605-610.

    a.    <u>Shopper's Corner's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing is "On the Contract"</u>

Under California law, "with the exception of bad faith insurance cases, a breach of the covenant of good faith and fair dealing permits a recovery solely in contract." *Fairchild v. Park*, *supra*, 90 Cal.App.4th at 927. *See also Schoolcraft v. Ross*, 81 Cal.App.3d 75, 82 (1978) (court rejected argument that claim for breach of implied covenant of good faith and fair dealing is not

7

U.S.D.C. Case No. Civ. C07 06437

Memorandum of Points and Authorities in Opposition to Motion to Strike

on the contract: "We disagree. Defendant Ross' contentions are without merit. The action is based upon the deed of trust and is a contract action within Civil Code section 1717").

      b. <u>Shopper's Corner's Breach of Express Warranty under California Commercial Code § 2313 is "On the Contract"</u>

Although Division 2 of the California Commercial Code contains no provision for the recovery of attorney fees, Shopper's Corner's allegations regarding Hussmann's breach of express warranty are grounded in the contract executed by the parties. Accordingly, the claims derives explicitly, and is "on," the contract for purposes of a Civil Code § 1717 analysis. *See Fairchild v. Park*, *supra* (if the claim is based on a breach of a promise, it is contractual).

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court to deny Defendant's Motion to Strike in its entirety.

Dated:  May 7, 2008                      By:     /s/ Steven F. Gruel

                                                                                   STEVEN F. GRUEL
                                                                                   Attorney for Plaintiff
                                                                                   SHOPPER'S CORNER, INC.

U.S.D.C. Case No. Civ. C07 06437

Memorandum of Points and Authorities in Opposition to Motion to Strike