Peter M. Hart (State Bar No. 107920)
Joseph A. Whitecavage (State Bar No. 154879)
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, California 94104-4705
Telephone: (415) 391-7111
Telefax: (415) 391-8766

Attorneys for Defendant
HUSSMANN CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHOPPERS CORNER, INC., a California Corporation, | Case No.: C07 06437 RS |
| Plaintiff, | REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS (FRCP 12(b)(6)) |
| v. | |
| HUSSMANN CORPORATION, a Missouri Corporation, | Date: May 28, 2008 Time: 9:30 a.m. Courtroom: 4 |
| Defendant. | Trial Date Not Set |

Defendant Hussmann Corporation respectfully submits this Reply Brief in support of its

Motion to Dismiss Plaintiff's second, sixth, seventh, and eighth causes of action.

**Second Cause of Action: Covenant of Good Faith and Fair Dealing.**

In support of its cause of action for breach of the implied covenant of good faith and fair

dealing, Plaintiff argues that it contracted with Defendant for a "high-end, state of the art

refrigeration system with deep shelving" and that "[i]n the Contract, Hussmann promised in

writing to repair or replace any defective equipment and/or materials manufactured by Hussmann

. . . " *See* Opposition at 4:20-5:1. Plaintiff alleges that it had a "justified, contractual

1   expectation that Hussmann would provide and install a functioning refrigeration system of the

2   highest level of development, with deep shelves," but that Defendant "upset" those expectations

3   by providing an economy, shallow shelved system, and by failing to adequately install, and then

4   refusing to repair the system, "despite its contractual obligation to do so." *Id.* at 516-23.

5       Plaintiff alleges nothing more than a breach of contract. There are no allegations that

6   Defendant took any actions to unfairly frustrate the agreed common purposes of the parties.

7       If the allegations do not go beyond the statement of a mere contract breach and,

8       relying on the same alleged acts, simply seek the same damages or other relief

9       already claimed in a companion contract cause of action, they may be disregarded

10      as superfluous as no additional claim is actually stated. Thus, absent those limited

11      cases where a breach of a consensual contract term is not claimed or alleged, the

12      only justification for asserting a separate cause of action for breach of the implied

13      covenant is to obtain a tort remedy.

14  *Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1395.

15      The allegations in the complaint for Plaintiff's First Cause of Action for Breach of

16  Contract and those for its Second Cause of Action for Breach of Covenant of Good Faith and Fair

17  Dealing are essentially the same, that Plaintiff contracted for a certain product and services, and

18  that Defendant failed to abide by that contract. *See* Complaint, ¶¶29-34 and ¶¶35-42. Plaintiff is

19  not seeking, and cannot seek, a tort remedy for an alleged breach of the implied covenant of good

20  faith and fair dealing. Tort remedies for breach of contract may be available only in an insurance

21  context. *See Freeman & Mills, Inc. v. Belcher Oil Co.* (1995) 11 Cal.4[th] 85, 102. Plaintiff's

22  claim for breach of the implied covenant of good faith and fair dealing is superfluous and should

23  be dismissed.

24      Additionally, any claims related to the "deep" versus "shallow" shelves are clearly time-

25  barred. The installation of the refrigeration system was completed in January 2000. Complaint

26  ¶14. The depth of the shelving was obviously evident through casual observation. Plaintiff

27  waited almost eight years to December 21, 2007 to bring this lawsuit. Under any theory of

28  recovery, contract, negligence or fraud, claims related to the depth of the shelves are time-2

1   barred.  *See* Cal. Code of Civ. Proc. §§ 337 (action upon any written contract must be brought

2   within four years), 338 (action for relief on the ground of fraud or mistake must be brought

3   within three years).

4

5          **Sixth Cause of Action:    Plaintiff Has Failed to State a Claim For**

6          **Violation of the Unfair Business Practices Act.**

7          As Plaintiff correctly notes, a plaintiff alleging unfair business practices "must state with

8   reasonable particularity the facts supporting statutory elements of the violation."  Opposition at

9   8:4-6.  An "unfair" business practice occurs when that practice "offends an established public

10  policy or when that practice 'is immoral, unethical, oppressive, unscrupulous or substantially

11  injurious to consumers.'"    *State Farm Fire & Casualty Co. v. Superior Court* (1996) 45

12  Cal.App.4th 1093, 1104, *quoting People v. Casa Blanca Convalescent Homes, Inc.* (1984) 159

13  Cal.App.3d 509, 530.  Plaintiff's complaint fails to allege sufficient facts to constitute such a

14  claim.

15         Plaintiff cites to *National Rural Telecommunications Co-op v. DIRECTTV, Inc.* (C.D.

16  Cal. 2003) 319 F.Supp.2d 1059 for the proposition that a breach of contract claim may be

17  actionable as "unfair."  Opposition at 8, n. 2.  What that case actually notes is that a breach of

18  contract may form the predicate for a section 17200 claim, "*provided it also constitutes conduct*

19  *that is unlawful, or unfair, or fraudulent.*'"    *National Rural,* 319 F.Supp.2d at 1074, *quoting*

20  *Watson Labs, Inc. v. Rhone-Poulenc Rorer, Inc.* (C.D.Cal.2001) 178 F.Supp.2d 1099, 1117 n.12

21  (emphasis supplied).  While a breach of contract does not preclude a claim for violation of

22  section 17200, neither does it, in and of itself, constitute grounds for making such a claim.

23         Plaintiff also notes that a breach of the implied covenant of good faith and fair dealing has

24  been deemed a breach of the "unfair" prong of the unfair business practices act.  Opposition at 8,

25  n. 2.  The single case cited in support of this proposition is *State Farm Fire & Casualty Co. v.*

26  *Superior Court* (1996) 45 Cal.App.4th 1093, 1105 ("an insurer's conduct constituting a breach of

27  the implied covenant of good faith may also constitute an *unfair* business practice under section

28  17200.").  *Id.*  Defendant does not believe Plaintiff has alleged facts sufficient to constitute a3

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
(FRCP 12(b)(6))

{S0132863.1}

1   claim for breach of the implied covenant of good faith and fair dealing (see above), and the

2   instant case is far removed from the insurance context.  Furthermore, while such a breach *may*

3   constitute an unfair business practice, each case must be considered on its own facts.  *See Linear*

4   *Technology Corp. v. Applied Materials Inc.* (2007) 152 Cal.App.4[th] 115, 134-135.

5          Plaintiff claims that Defendant violated both the "unfair" and "fraudulent" prongs of the

6   unfair business practices act by failing "to disclose to Plaintiff that it was not providing Plaintiff

7   with a refrigeration system meeting the specifications set forth in the Contract," not informing

8   Plaintiff of known problems with the installation, belatedly informing Plaintiff of known

9   problems in the system's fan, ultimately refusing to repair the problems of the system, and by

10  soliciting and accepting payment from Plaintiff despite failing to disclose the alleged problems.

11  *See* Opposition at 9:6-18; Complaint, ¶¶20, 21, 71, 72 and 73.

12         Nowhere in either the Complaint or the Opposition does Plaintiff identify exactly which

13  "specifications set forth in the Contract" were not met by the system provided by Defendant.

14  Plaintiff repeatedly makes references to "high end," "state-of-the-art," and "deep shelving," but

15  fails to identify with reasonable particularity how the system provided by Defendant actually

16  differed from that which Plaintiff contracted for.  Notably, the copy of the Contract provided by

17  Plaintiff does not include any specifications and does not include the terms "high end," "state-of-

18  the-art," or "deep shelving." *See* Exhibit 1 to the Declaration of Steven F. Gruel in Support of

19  Plaintiff Shopper's Corner, Inc.'s Opposition to Defendant Hussmann Corporation's Motion to

20  Strike.  Similarly, Plaintiff makes references to "known problems with the installation," but also

21  fails to identify what those problems were with reasonable particularity.  Defendant is left to

22  guess what problems Plaintiff is referring to.

23         To the extent Plaintiff is basing his claim on the "deep" versus "shallow" shelving, that

24  claim is clearly time-barred.  The installation of the refrigeration system was completed in

25  January 2000.  Complaint ¶14.  The depth of the shelving was obviously evident through casual

26  observation.  Plaintiff waited almost eight years to December 21, 2007 to bring this lawsuit.  Any

27  action to enforce a cause of action pursuant to the Unfair Business Practices Act must be brought

28  within four years of the accrual of the cause of action. Cal. Bus. & Prof. Code §17208.      4

1    The one "known problem" identified by Plaintiff concerns not a problem with the

2    installation, but an alleged design flaw in the system's fan.  Plaintiff alleges that in August 2003,

3    Plaintiff contacted Defendant to report the failure of a fan in a refrigeration rack, and that

4    Defendant informed Plaintiff that is was aware of design flaws with that model of fan.

5    Complaint ¶21.  This occurred almost five years after the Contract was entered into, and almost

6    three years after the installation was complete.  Plaintiff makes no allegation that Defendant was

7    aware of any design defect in the fan at the time the Contract was entered into, or at the time the

8    fan was installed in the refrigeration system.

9    Unlike in *Falk v. General Motors Corp.* (N.D.Cal.2007) 496 F.Supp.2d 1088, once

10   notified of Plaintiff's problem with the fan, Defendant acknowledged there was a problem and,

11   after inspecting Plaintiff's system, replaced the fan blade and made repairs to the system.

12   Complaint, ¶¶21-25.  Plaintiff does not identify any affirmative misrepresentations that were false

13   or likely to have misled reasonable consumers.  There are no allegations that Plaintiff was

14   deceived into taking any particular actions, and there are no allegations that Plaintiff would have

15   acted differently if Defendant had earlier disclosed to Plaintiff what it knew about the fan.

16   In *Falk*, the defendant allegedly knew there were problems with the speedometers when

17   the vehicles were sold, and when consumers reported problems, defendant provided no

18   information beyond a referral to the nearest dealer.  *Id.* at 1092-1093.  Where consumers did

19   bring their vehicle into a mechanic, they were often charged several hundred dollars to have their

20   vehicle repaired.  *Id.* at 1092.  Here, Plaintiff appears to be arguing that Defendant had a duty to

21   inform Plaintiff of problems with the fan after the fan was installed and had been in service for

22   years, and that their failure to disclose this prior to Plaintiff contacting Defendant constituted an

23   unfair business practice that was "likely to deceive the public." *See* Opposition at 10:5-12.  It is

24   difficult to understand how this constituted a deception on Plaintiff or the public, or how it can be

25   considered an unfair business practice.

26   ///

27   ///

28   ///

5

1  **Seventh Cause of Action:   Plaintiff Fails to State Facts Sufficient to**

2  **State a Cause of Action for Negligent Misrepresentation.**

3         Plaintiff's claim for negligent misrepresentation is based upon the premise that

4  Defendant's salesman made the representation that, pursuant to the Contract, Plaintiff was

5  purchasing a state-of-the-art refrigeration system with deep shelves.  Complaint ¶77.  Plaintiff

6  alleges that the salesman had no reasonable ground for believing that to be true, and that

7  Defendant should have known that the system ordered by Plaintiff would be discontinued within

8  the next two years and had shallow shelves.  Complaint ¶78.  Plaintiff is claiming, not that the

9  system was not state-of-the-art at the time the Contract was entered into, but only that it was not

10  state-of-the-art at the time the installation was completed, some 15 months later.  *See* Opposition

11  at 15:11-15.  This theory presupposes that Defendant would somehow agree and enter into a

12  contract to provide and install a refrigeration system that was not yet available, and that would

13  remain state-of-the-art at the time of completion.  Such an expectation is not reasonable.

14         As stated above, any claim related to the deep versus shallow shelves is clearly time-

15  barred.  The installation of the refrigeration system was completed in January 2000.  Complaint

16  ¶14. The depth of the shelving was obviously evident through casual observation.  Plaintiff

17  waited almost eight years to December 21, 2007 to bring this lawsuit.  Under any theory of

18  recovery, contract, negligence or fraud, claims related to the depth of the shelves are time-barred.

19  *See* Cal. Code of Civ. Proc. §§ 337 (action upon any written contract must be brought within four

20  years), 338 (action for relief on the ground of fraud or mistake must be brought within three

21  years).

22         Further, the complaint alleges that at the time the Contract was entered into, Defendant's

23  salesman made representations that the system was state-of-the-art.  Complaint ¶77.  Plaintiff

24  <u>does not</u> allege that the salesman ever made a representation that the system would be state-of-

25  the-art at the time the installation of the refrigeration system was complete.  A necessary element

26  of a cause of action for negligent misrepresentation is that the representation is untrue.  *See*

27  *Continental Airlines, Inc. v. McDonnell Douglas Corp.* (1989) 216 Cal.App.3d 388, 403.

28  Plaintiff is attempting to stretch an alleged representation beyond what is alleged in its own 6

1  complaint in order to claim that it is a misrepresentation. . Plaintiff has failed to state facts

2  sufficient to support a cause of action for negligent misrepresentation.

3

4  **Eighth Cause of Action:  Plaintiff Fails to State Facts Sufficient to State**

5  **a Cause of Action for Suppression of Facts.**

6  While the particularity requirements of Rule 9(b) may be somewhat "relaxed" when fraud

7  is alleged as a result of an omission of material facts, they are not to be completely disregarded.

8  Conclusory allegations of fraud are insufficient. *Wool v. Tandem Computers, Inc.* (9th Cir. 1987) .

9  818 F. 2d 1433, 1439.

10  Plaintiff's claim for suppression of facts appears to be based upon the premise that

11  sometime during the period January 2000 through approximately January 2002, Defendant

12  allegedly knew that there were defects in the installation of the refrigeration system that rendered

13  it "irreparable," and that Defendant failed to disclose this information.    Complaint ¶84.

14  Defendant claims that this failure to disclose was carried out by "defendant's service personnel

15  and staff."  Complaint ¶85.  Plaintiff makes no attempt to identify these "service personnel and

16  staff."  Plaintiff also makes no allegations that this alleged failure to disclose was done at the

17  request, or with the tacit approval, of officers or directors of Defendant.  Plaintiff makes the

18  conclusory allegation that the alleged "fraudulent suppressions of fact" were "deliberate,

19  intentional, fraudulent, malicious and oppressive."    Complaint ¶88.  Plaintiff provides no

20  allegations of fact to support these claims with respect to Defendant or its service personnel and

21  staff.  Plaintiff can only claim that the failure to disclose was done with the "intent to induce

22  Shoppers Corner to act in the manner herein alleged in reliance thereon."  Complaint ¶85.  Such

23  an allegation fails to provide Defendant "with adequate notice of what they are alleged to have

24  done." *Concha v. London* (9th Cir. 1995) 62 F.3d 1493, 1502.

25

26  **Conclusion.**

27  Defendant Hussmann Corporation respectfully requests that the court grant their motion

28  to dismiss the second, sixth, seventh and eighth causes of action of Plaintiff's complaint7

1   without leave to amend.

2

3   Dated:  May 14, 2008                    WRIGHT, ROBINSON, OSTHIMER & TATUM

4

5

6                                  ___/s/ Peter M. Hart_____
                                   PETER M. HART
7                                  JOSEPH A. WHITECAVGE
                                   ATTORNEYS FOR DEFENDANT
8                                  HUSSMANN CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                        8