1   Peter M. Hart (State Bar No. 107920)
    Joseph A. Whitecavage (State Bar No. 154879)
2   WRIGHT, ROBINSON, OSTHIMER & TATUM
    44 Montgomery Street, 18th Floor
3   San Francisco, California 94104-4705
    Telephone: (415) 391-7111
4   Telefax: (415) 391-8766

5   Attorneys for Defendant
    HUSSMANN CORPORATION

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12  SHOPPERS CORNER, INC., a California          Case No.:  C07 06437 RS
    Corporation,

13            Plaintiff,                         REPLY BRIEF IN SUPPORT OF
                                                 MOTION TO STRIKE
14        v.                                     (FRCP 12(f))

15  HUSSMANN CORPORATION, a Missouri             Date:  May 28, 2008
    Corporation,                                 Time:  9:30 a.m.
16                                               Courtroom:  4
            Defendant.
17                                               Trial Date Not Set

18

19

20        Defendant Hussmann Corporation hereby respectfully submits its Reply Brief in support

21  of its Motion to Strike certain portions of Plaintiff Shoppers Corner, Inc.'s Complaint concerning

22  allegations of financial and psychological distress of non-parties, and multiple prayers for the

23  award of attorney's fees on claims that are not on the contract between the parties.

24

25  **Plaintiff's Allegation Concerning the Distress of its Owners Has No Bearing on the**

26  **Subject Matter of this Litigation And Should Be Stricken.**

27        Plaintiff limits its opposition to the motion to strike certain language pertaining to

28  allegations of distress to its owners to a footnote.  *See* Opposition at p. 3, n.3.  By so doing, 1

1    Plaintiff seemingly acknowledges that the allegation in question is not material or relevant to any

2    claim in this lawsuit.    Plaintiff asserts that allegations supplying "background or historical

3    material or other matter of an evidentiary nature" need not be stricken unless unduly prejudicial

4    to defendant.    *Id.*    The allegation sought to be stricken, that work performed by Defendant

5    "caus[ed] great financial and psychological distress to its owners," is neither background,

6    historical, nor of an evidentiary nature.    This is not comparable to the situation in *Fuchs Sugars*

7    *& Syrups, Inc. v. Amstar Corp.* (D.C.N.Y. 1975) 402 F.Supp. 636, where the court found a

8    factual allegation to have bearing upon the defendant's course of conduct.    *Id.* at 637-638.

9    Neither is this a case where the allegation is part of a larger allegation when the complaint is

10   viewed as a whole, as in *LeDuc v. Kentucky Cent. Life Ins. Co.* (N.D.Cal. 1992) 814 F.Supp. 820,

11   830-831.    Here, there are no claims for emotional distress, and the owners of Plaintiff are not

12   parties to this action.    The allegation regarding "distress" is simply an attempt to inject an

13   unfounded and irrelevant emotional aspect into the case.    As this Court has previously held,

14   "motions to strike should not be granted unless it is clear that the matter to be stricken could have

15   no bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.* (N.D.Cal.

16   1991) 758 F.Supp. 1335, 1339.    The alleged distress of Plaintiff's owners has no bearing on the

17   subject matter of this litigation.

18

19   **Plaintiff's Prayers For Attorney's Fees In Relation to Claims Not On Contract**

20   **Should Be Stricken.**

21       Plaintiff has belatedly sought to incorporate the underlying contract between the parties to

22   support its claims for attorney's fees.    That contract states, in pertinent part, "If any action or

23   lawsuit is brought to enforce or interpret the provisions of this Contract, the prevailing party shall

24   be entitled to reasonable attorney's fees (including expenses, expert witness fees and other costs)

25   . . ."    *See* Exhibit 1 to the Declaration of Steven F. Gruel in Support of Plaintiff Shopper's

26   Corner, Inc.'s Opposition to Defendant Hussmann Corporation's Motion to Strike at ¶8. While

27   plaintiff asserts that this language is "broad enough to include Shopper's Corner's non-contract-

28   based claims" (*see* Opposition at 5:15-16), in fact, it is not. The fee provision is explicitly limited

2

1    to "any action or lawsuit *brought to enforce or interpret the provisions of this Contract*"

2    (emphasis added).

3            The cases relied upon by Plaintiff, *Allstate v. Loo, Jones v. Union Bank of California,*

4    *Kelley v. Bredelis* and *Thompson v. Miller*, all involve language that goes beyond what is in the

5    contract between the parties in the instant action.  The cases cited by Plaintiff stand for nothing

6    more than the proposition that parties to a contract are free to include or exclude various types of

7    actions within a fee provision of a contract.

8            In *Allstate v. Loo* (1996) 46 Cal.App.4th 1794, the fee clause at issue stated:  "In any

9    action brought by either party to enforce the terms hereof *or relating to the demised premises*, the

10   prevailing party shall be entitled to all costs incurred in connection with such action, including a

11   reasonable attorney's fee."  *Id.* at 1799 (emphasis added).  The court noted that the test for

12   whether a particular provision for attorney's fees applies is not whether the cause of action

13   sounds in tort or contract, "the sole question is the intent of the parties: did they intend to

14   authorize the prevailing party to recover its attorney fees for a tort cause of action."  *Id.* at 1798.

15   In concluding that the language included actions based in tort, the court found the fee provision

16   encompassed "any action-whether in contract or in tort-which *relates to the leased premises*."  *Id.*

17   at 1799 (emphasis added).  In the instant case, the fee provision does not include any expansive

18   language *relating to* the subject of the contract.  It is explicitly limited to actions *brought to*

19   *enforce or interpret* the contract.

20           Similarly, in *Jones v. Union Bank of California* (2005) 127 Cal.App.4th 542, the fee

21   provision at issue went beyond covering actions to enforce the contract.  There, the contract

22   stated: "In any action between the parties seeking enforcement of this Forbearance Agreement, . .

23   . *or in connection with the Peppertree property*, . . . the prevailing party in such action shall be

24   awarded . . . its reasonable attorney fees."  *Id.* at 545 (emphasis added).  Again, the court found

25   that the fee provision went beyond the contract because it expressly included "any action between

26   the parties '*in connection with the Peppertree property*.'"  *Id.* at 548 (emphasis added).

27           In *Kelley v. Bredelis* (1996) 45 Cal.App.4th 1819, the fee provision in a lease stated:

28   "should any litigation be commenced between the parties hereto *concerning the demised*

U.S.D.C. Case No. Civ. C07 06437

REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE
(FRCP 12(f))

{S0132864.1}

1   *premises*, this lease, or the rights and duties of either in relation thereto, the party, Lessee or

2   Lessor, prevailing in such litigation shall be entitled . . . to a reasonable sum as and for his

3   attorney's fees in such litigation." *Id.* at 1822 (emphasis added).  The court upheld an award of

4   attorney's fees following an arbitration, finding that "[a] party in tort litigation whose claim to

5   attorney fees is *authorized* by a contract derives such right from the broad freedom-of-contract

6   provision contained in section 1021 rather than the limited reciprocal-attorney-fees-in-contract-

7   litigation provisions of section 1717." *Id.* at 1833 (emphasis supplied).  The claims in *Kelley*

8   were for breach of contract and specific performance of an alleged written lease and option

9   contract concerning defendant's home and do not support Plaintiff's argument to extend the

10  ability of to recover attorney's fees for claims that are not to "enforce or interpret" the contract.

11  *See Id.* at 1822.

12       The fee provision language in *Thompson v. Miller* (2003) 112 Cal.App.4th 327 stated that:

13  "the prevailing party in *any dispute* under this Agreement shall be entitled to reasonable attorneys

14  fees incurred in such dispute." *Id.* at 333 (emphasis added).  In analyzing whether the provision

15  would allow for an award of attorney's fees in connection with an action for fraud,

16  misrepresentations, deceit and breaches of fiduciary duties, the court distinguished the fee

17  provision language in *Thompson* from that in *Exxess Electronixx v. Heger Realty Corp.* (1998) 64

18  Cal.App.4th 698.  *Thompson*, 112 Cal.App.4th at 335.  As noted by the *Thompson* court, the fee

19  provision in *Exxess Electronixx* provided for an award of attorney fees for "'an action or

20  proceeding to enforce the terms [of the contract] or declare rights hereunder.'" *Id.*  The court in

21  *Exxess Electronixx* found that tort claims for fraud and breach of fiduciary duty were not asserted

22  neither to enforce the terms of the contract nor to declare rights thereunder, and concluded the

23  prevailing party was not entitled to an award of attorney fees. *Id.*; *See also Excess Electronixx*,

24  64 Cal.App.4th at 708-716.

25       The court in *Thompson* focused on the language "any dispute under" the contract and

26  found it to be broader than that in Exxess Electronixx. *Thompson*, 112 Cal.App.4th at 335-336.

27  "The attorney fees provision applies, simply, to 'any dispute under [the agreements].'  This

28  language varies substantially from the attorney fees provision in *Exxess Electronixx*, which

1  applied to an *action* to enforce the contract or declare rights under it . . ." (emphasis supplied).
2  *Id.* at 336.

3      The fee provision in the instant case closely parallels that in *Excess Electronixx*.  In our
4  case, the relevant language is "any action or lawsuit . . . brought to enforce or interpret the
5  provisions of this Contract . . ."  In *Exxess Electronixx,* the relevant language was "an action or
6  proceeding to enforce the terms [of the contract] or declare rights hereunder."  These provisions
7  are alike in that they are not expansive and do not extend beyond actions on the contract.
8  Plaintiff's argument that the use of the term  "any . . . lawsuit" expands the fee provision to
9  include tort and non-contract claims is belied by the very case in relies on.   The court in
10  Thompson quoted Black's Law Dictionary in noting that an "action" is simply "a lawsuit brought
11  in a court."  *Thompson*, 112 Cal.App.4[th] at 336-337.  The court then distinguished an "action"
12  from a "dispute," finding a dispute to include a conflict giving rise to an action, but not
13  necessarily limited to such a conflict.  *Id.* at 337.  "Dispute" is therefore a much broader term
14  than any used in the instant action.  Plaintiff also completely disregards the explicit limiting
15  language that follows "any action or lawsuit," that being "brought to enforce or interpret the
16  provisions of this Contract."

17      Plaintiff's claims for Negligent Misrepresentation, Suppression of Facts and Money Had
18  And Received do not seek to enforce the contract or interpret the provisions of the contract.  As a
19  result, Plaintiff may not be awarded attorney's fees if it were to be the prevailing party on any of
20  those claims.  Plaintiff may be conceding this, in that Plaintiff's Opposition does not include any
21  sections particular to the three claims identified above.

22

23      **Conclusion.**

24      Defendant Hussmann Corporation respectfully requests that the court grant their motion
25  to strike those portions of plaintiff's complaint that relate to the alleged "distress" of Plaintiff's
26  owners, and all prayers for attorneys fees concerning claims that are not on the contract without
27  leave to amend.  Those portions being:

28      1.      Page 6, ¶25, line 14: "causing great financial and psychological distress to its

5

1  owners."

2   2.  Page 17, line 1: "5. For reasonable attorney's fees"

3   3.  Page 17, line 13: "3. For reasonable attorney's fees and costs;"

4   4.  Page 17, line 22: "3. For reasonable attorney's fees and costs;".

5

6

7 Dated: May 14, 2008    WRIGHT, ROBINSON, OSTHIMER & TATUM

8

9

10         /s/ Peter M. Hart
         PETER M. HART

11        JOSEPH A. WHITECAVGE
        ATTORNEYS FOR DEFENDANT

12        HUSSMANN CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

U.S.D.C. Case No. Civ. C07 06437

REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE
(FRCP 12(f))

{S0132864.1}