Peter M. Hart (State Bar No. 107920)
Joseph A. Whitecavage (State Bar No. 154879)
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, California 94104-4705
Telephone: (415) 391-7111
Telefax: (415) 391-8766

Attorneys for Defendant
HUSSMANN CORPORATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| SHOPPERS CORNER, INC., a California Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>HUSSMANN CORPORATION, a Missouri Corporation,<br><br>          Defendant. | Case No.:  C07 06437 JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**<br><br>Date:          June 9, 2008<br>Time:          10:00 a.m.<br>Courtroom:  8<br><br>Complaint Filed:  December 21, 2007<br>Trial Date:  None |

The parties in the above-entitled action submit this Joint Case Management Conference Statement and Proposed Order and request the Court adopt it as its Status Conference Order in this case.

1. **Jurisdiction and Service**:  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Plaintiff asserts that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  All named parties have been served.

1

U.S.D.C Case No. Civ. C07 06437

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER

2. **Facts:** Plaintiff SHOPPERS CORNER, INC. (hereinafter "Plaintiff") is represented by Steven F. Gruel, Esq. of the Law Offices of Steven F. Gruel. Defendant HUSSMANN CORPORATION (hereinafter "Defendant") is represented by Peter M. Hart, Esq. and Joseph A. Whitecavage, Esq. of Wright, Robinson, Osthimer & Tatum.

In 1998, the parties entered into an agreement whereby Defendant would furnish and install refrigeration equipment in Plaintiff's market. The installation of the refrigeration system was completed on or about January 5, 2000. Plaintiff asserts that it did not receive the functioning "state-of-the-art refrigeration system with deep shelves" it had agreed to purchase. Plaintiff asserts that it has experienced ongoing problems with the refrigeration system and that Defendant has failed to repair or replace the refrigeration system, or reimburse Plaintiff for the purchase price. Plaintiff claims that it has been damaged in the amount of $365,123.69, the approximate amount it claims it paid for the equipment and labor for the installation of the refrigeration system.

Defendant denies that it breached the agreement to provide and install the refrigeration system that Plaintiff agreed to purchase. Defendant further denies that it engaged in misrepresentation or suppression of facts in its dealings with Plaintiff. Defendant also claims that it has fulfilled all of its obligations under the agreement and any associated warranties.

3. **Legal Issues:** The primary legal issues revolve around whether Defendant is in breach of any contract with Plaintiff, whether Defendant breached any duty of care to Plaintiff, whether Defendant's salesman negligently misrepresented the quality of the refrigeration system, and whether Defendant fraudulently suppressed facts to induce Plaintiff to enter into servicing contracts. Defendant also asserts that Plaintiff's claims are barred by applicable statutes of limitations.

4. **Motions:** Defendant has filed a motion pursuant to F.R.C.P. 12(b)(6) to dismiss Plaintiff's causes of action for breach of the covenant of good faith and fair dealing, violation of California Business Professions Code sections 17200 *et seq.*, negligent misrepresentation, and fraudulent suppression of facts. Defendant has also filed a<sub>2</sub>

---

1    motion pursuant to F.R.C.P. 12(f) to strike Plaintiff's assertion of alleged emotional

2    distress of its owners and Plaintiff's prayers for attorney's fees. Plaintiff filed and served

3    oppositions to the motions on May 7, 2008. Defendant filed and served its replies to the

4    oppositions on May 14, 2008. The hearing on this motion is being rescheduled to be

5    heard before Judge Ware.

6    5. **Pleadings**:   Plaintiff has stipulated to enlarge the time for Defendant to answer the

7    complaint until after Defendant's motions to dismiss and to strike portions of the

8    complaint are ruled upon.

9    6. **Evidence Preservation**:   Defendant instituted a litigation hold/document preservation

10    policy once it was served with the complaint. Plaintiff has retained documents pertinent

11    to this action.

12    7. **Disclosures**: The parties have held discussions concerning initial disclosures pursuant to

13    F.R.C.P 26.  The parties have verbally identified witnesses and known categories of

14    pertinent documents.  The parties will formally exchange such information in the near

15    future.

16    8. **Discovery**:  No formal discovery has taken place.  The parties propose that the Court

17    adopt the following discovery plan: Written discovery and depositions will be completed

18    by November 28, 2008. Plaintiff's expert disclosures will be due on December 8, 2008.

19    Defendant's expert disclosures will be due on December 15, 2008. Expert discovery will

20    be completed by February 13, 2009.

21    9. **Class Actions**: This is not a class action.

22    10. **Related Cases**: There are no related cases.

23    11. **Relief**:   Plaintiff is seeking $365,123.69, the amount Plaintiff claims to have paid

24    Defendant for the subject refrigeration system.

25    12. **Settlement and ADR**: The parties have complied with ADR L.R. 3-5 and have agreed

26    to go through the Court's Early Neutral Evaluation program. Arthur D. Levy has been

27    selected as the neutral evaluator. An initial conference call with Mr. Levy was conducted

28    on for May 23, 2008.   In light of the reassignment of this case to Judge Ware, it was

3

---

1    agreed that the Early Neutral Evaluation would be conducted on July 29, 2008, subject to

2    Court's approval.

3    13. **Consent to Magistrate Judge For All Purposes**:   Defendant does not consent to

4    assignment to a magistrate judge for all further proceedings including trial and entry of

5    judgment.

6    14. **Other References**:   The parties do not believe this case is suitable for reference to

7    binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

8    15. **Narrowing of Issues**:   The parties are not currently aware of any issues that can be

9    narrowed by agreement or by motion, other than those addressed by the pending motions.

10    16. **Expedited Schedule**:   The parties do not believe this case can be handled on an expedited

11    basis.

12    17. **Scheduling**:   The parties propose that the Court adopt the following schedule:   Written

13    discovery and depositions will be completed by November 28, 2008.   Plaintiff's expert

14    disclosures will be due on December 8, 2008.   Defendant's expert disclosures will be due

15    on December 15, 2008.   Expert discovery will be completed by February 13, 2009.   All

16    dispositive motions shall be heard by March 27, 2009.   The final pre-trial conference

17    shall be on May 13, 2009.   Trial shall begin on July 15, 2009.

18    18. **Trial**:   The parties both request a jury trial.   The parties expect the trial to take seven (7)

19    days.

20    19. **Disclosure of Non-party Interested Entities or Persons**:   The parties certify that they

21    have complied with Civil Local Rule 3-16.

22         Defendant Hussmann Corporation is a wholly owned subsidiary of Ingersoll-Rand

23    Company Limited, a publicly traded company.

24    ///

25    ///

26    ///

27    ///

28    ///

4

1      Plaintiff Shopper's Corner, Inc. is a California corporation.  Jim Beauregard is the

2   President and sole shareholder of Shopper's Corner, Inc.

3

4   Dated:  May 30, 2008

5

6   Plaintiff:                          /s/ Steven F. Gruel
    SHOPPERS CORNER, INC.               By:  Steven F. Gruel, Esq.

7

8

9   Dated:  May 30, 2008

10

11  Defendant:                          /s/ Peter M. Hart
    HUSSMAN CORPORATION                 By:  Peter M. Hart, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                        5

U.S.D.C Case No. Civ. C07 06437

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER

**CASE MANAGEMENT ORDER**

The Joint Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order of the case and the parties are ordered to comply with this Order

DATED: _____

_____
JAMES WARE
United States Magistrate Judge

6